Morgan and others, Appellants, vs. Hayes, Respondent.

*December 15, 1897 — January 11, 1898.*

*Promissory notes: Action against indorser: Defense: Application of payments: Counterclaim.*

1. In an action by indorsers of a note against a prior indorser (the payee), the complaint alleged that defendant was indebted to plaintiffs; that they had refused to accept the note as a payment on such indebtedness, but had aided him in procuring a purchaser for the note, and to that end had indorsed it for his sole accommodation and benefit; that the entire consideration was paid by the purchaser to him, and that he paid the amount so received to plaintiffs, who credited him therewith on his indebtedness to them; that plaintiffs had been compelled to pay the note; and that, after crediting defendant with a payment made by him on account of his liability as prior indorser and with the proceeds of mortgage security, a balance remained due. The answer substantially admitted the facts stated, but alleged that plaintiffs received the note as so much paid upon defendant's indebtedness to them; that he indorsed the note at their request and for their benefit; and that just before the foreclosure sale plaintiffs agreed to bid on the sale and protect and save him harmless from any liability on the note. The answer further alleged that before the commencement of the action the defendant fully paid, satisfied, and discharged any and all claims which the plaintiffs might have against him by reason of the transaction; but no counterclaim was pleaded, and there was no evidence of any payment

except as stated. *Held,* that the defense was contrary to the very nature of the transaction, and wholly without merit.

2. In an action to recover a balance due for merchandise sold and delivered to the defendant, under an answer admitting the purchase and alleging payment, evidence that $500, paid to plaintiffs by defendant on account of another transaction before the merchandise was purchased, should be applied as payment on the mer· chandise, was inadmissible. The facts entitling defendant to such application should have been pleaded as a counterclaim.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

*Herbert L. Sweet,* attorney, and *A. E. Thompson,* of counsel, for the appellants.

*G. H. Dawson,* for the respondent.

CASSODAY, C. J.    The complaint alleges two causes of action: One based upon facts to the effect that June 23, 1893, the defendant, having a note and mortgage for $1,000, executed to him by one Finnegan, to become due November 28, 1893, subject to two prior mortgages for the aggregate amount of $11,000, and being at the time legally indebted to the plaintiffs, proposed to transfer the note and mortgage to the plaintiffs, and have the same credited upon his indebtedness to them; that the plaintiffs declined to accept of the same as payment, but offered to aid the defendant in making sale of the same, to which the defendant consented; that July 27, 1893, the plaintiffs having secured one Conant as a purchaser of the note and mortgage, and to effect such purchase, the defendant indorsed the note and assigned the mortgage, and the plaintiffs indorsed the same for the sole accommodation and benefit of the defendant, and at his request, and the same was thereupon transferred and delivered to Conant, who thereupon paid the consideration therefor wholly to the defendant, and that the defendant thereupon paid the plaintiffs the amount so received from Conant, and the same was credited upon the defendant's indebtedness to

them; that October 13, 1893, the holder of the first mortgage commenced an action to foreclose the same, and judgment of foreclosure and sale was entered therein January 19, 1894; that when the Finnegan note became due the same was duly presented for payment, and payment thereof duly demanded and refused, and that said note was thereupon duly protested for nonpayment, and notice of protest thereof duly given to the defendant and to the plaintiffs; that December 8, 1894, the plaintiffs, upon demand made upon them by Conant, paid to him, as the lawful owner and holder of the note, the full amount thereof, with interest and protest fees, amounting to $1,148.74; that the note thereupon became and still is the sole property of the plaintiffs; that after paying the note, December 8, 1894, the plaintiffs duly notified the defendant that they should look to him for the amount of the note so paid by them, and should hold him responsible for the full amount of the same, and made demand therefor; that December 30, 1894, the defendant paid to the plaintiffs, to apply on his liability as prior indorser of the said note, the sum of $500; that the mortgaged premises were sold on such foreclosure judgment, March 11, 1895, and bid in by the plaintiffs for $11,700, and that such sale was thereupon confirmed; that after paying off the amount due on such two prior mortgages, and the expenses of such foreclosure and sale, there was a surplus of $398, which the plaintiffs indorsed as so much paid upon said Finnegan note.

The complaint contained another count for the same cause of action stated, and claimed, as a balance due the plaintiffs on account of the $1,148.74 paid by them as such second indorsers, less the $500 so paid December 30, 1894, and the $398 surplus on the sale, $274 and interest.

The answer substantially admits the facts stated, but alleges, in effect, that the plaintiffs received and accepted the Finnegan note and mortgage, June 23, 1893, as so much paid upon his indebtedness to them, and that he indorsed the

note at the request and for the benefit of the plaintiffs; and that subsequently, and just before the sale on foreclosure, the plaintiffs agreed to bid on the sale, and protect and save the defendant harmless from any liability thereon; and further alleges that, prior to the commencement of this action, the defendant fully paid, satisfied, and discharged any and all claims which the plaintiffs might have against him by reason of the transaction stated. The answer contains no counterclaim, and there is no evidence of any payment on account of such transaction, except as stated.

It is enough to say that the defense to the cause of action stated is contrary to the very nature of the transaction, and wholly without merit.

The complaint alleges another cause of action, to the effect that between April 26 and May 16, 1895, at Oshkosh, the plaintiffs sold and delivered to the defendant, at his special instance and request, goods, wares, and merchandise of the value of $690.33, as per account attached; that the defendant then and there promised and agreed to pay the same to the plaintiffs, but that no part thereof has ever been paid, except $190.33, as per statement attached; that there is now due and owing to the plaintiffs from the defendant for such goods, wares, and merchandise the sum of $500; and the plaintiffs demanded judgment against the defendant upon the several causes of action set forth in the sum of $774, with interest, together with their costs and disbursements in this action.

The defendant's answer admits having purchased and received from the plaintiffs goods, wares, and merchandise to the amount and of the value of $690.33, as alleged, but alleges that prior to the commencement of this action the defendant duly paid, satisfied, and discharged the claim of the plaintiffs for said goods, wares, and merchandise *by payment*.

There is no evidence of any payment of $500 or any other

·sum on that account, except as stated in the complaint. The only pretense of any such payment is that the $500 which the ·defendant paid on the Finnegan note, December 30, 1894,— four months before the account in question was.incurred— ·should be applied on this account. The defendant, as a witness in his own behalf, admits that he paid the $500 to the plaintiffs in December, 1894, on the Finnegan note; that after he had so paid the $500 on that note, and just befo e the foreclosure sale, he had admitted that he was liable for the remaining $500 and interest on that note; that he had re- ·quested the plaintiffs to pay back the said $500 by reason ·of his version of the transaction respecting the Finnegan note and mortgage mentioned. By such payment of the $500 in December, 1894, the defendant lost all further claim ·to it. But, even if it were otherwise, it was not set up by way of counterclaim, and the plaintiffs objected to any such ·evidence being admitted under the answer, and it was clearly not admissible. There is certainly no merit in any branch of the defense.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to render judment in favor of the plaintiffs, and against the defend- .ant, as prayed in the complaint.