KROUSKOP and others, Appellants, vs. KROUSKOP and others, Respondents.

*February 2 — February 23, 1897.*

*Fraudulent conveyance: Action to set aside: Creditor's suit: Pleading: Trust in land.*

1. A complaint, in an action by a mortgagor against his mortgagee to set aside a mortgage given to hinder and delay creditors and a title obtained on foreclosure thereof, is bad on demurrer if it does not show that the execution of such mortgage was procured from the plaintiff by the fraud of the mortgagee. The mortgage may be valid as between the parties, though fraudulent as to creditors.

2. Where the complaint sets forth certain promises by the mortgagee to dispose of the property and pay the debts of the mortgagor as the inducement by which the execution of the mortgage was procured, it is not sufficient to allege the nonperformance of those promises by the mortgagee, since that does not establish a fraudulent intent at the time of making them.

3. Neither the mortgagor nor his creditors can maintain an action to enforce a trust in favor of the creditors growing out of such a transaction, because a trust in land can, under sec. 2302, R. S., be created or proved only by an instrument in writing.

4. The plaintiffs in this case are in no position to maintain the action as a creditor's bill. For that purpose it must appear that they have exhausted their legal remedies,— that their claim has been reduced to judgment and an execution thereon has been returned unsatisfied.

APPEAL from an order of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The action is by *George Krouskop,* his wife, and three of

his creditors, against *A. H. Krouskop*, as principal defendant, and several other creditors of *George*, who refused to join as plaintiffs. A demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, was sustained. This appeal is from an order sustaining the demurrer.

The complaint is very long. The substance, so far as necessary to show the questions involved, is as follows: The plaintiff *George Krouskop* was engaged in business in Richland Center, for many years. In 1884 he became financially embarrassed, and made an assignment for the benefit of his creditors. Through the assistance of the defendant *A. H. Krouskop*, who became surety for considerable sums which he afterwards paid, he compromised with his creditors and resumed business. Becoming again embarrassed in 1888, with creditors pressing and commencing actions, he gave a mortgage upon all his property, both real and personal, to *A. H. Krouskop*, who was his brother. His property nearly all consisted of real estate, said to be worth $35,000, on which there was a mortgage of $7,000, which he procured to be assigned to himself, and some unpaid taxes, which he paid. There was due to *A. H. Krouskop* $6,500. It is alleged, in effect, that the two *Krouskops* agreed in the opinion that if the property was subjected to the payment of the debts in the usual manner, by execution sales, it would be sacrificed and not pay the debts, while, if that could be prevented, the property might be sold by *A. H. Krouskop*, by proper management, so as to realize enough to pay all the debts and leave a handsome surplus to *George Krouskop*. It is alleged that the purpose of the execution of the mortgage was, in good faith, to make an assignment for the benefit of all the creditors of *George Krouskop*, of all his property, to be sold, handled, and disposed of by *A. H. Krouskop*, and applied by him to that use. It is alleged that *A. H. Krouskop* assured both *George Krouskop* and his wife, " each sepa-

rately and apart," that he would take title to the property, and apply it faithfully to the payment of all the debts of *George Krouskop*, and return whatever should remain to them. The purpose was kept secret, and not disclosed to creditors. The creditors put their claims in judgments, which became liens upon the lands. The mortgage was afterwards foreclosed, with the consent of *George Krouskop*, for the purpose of cutting off the liens of these judgments, so that the lands might be more easily disposed of, to carry out the original intention of the parties to the mortgage. The lands were bought in at the foreclosure sale, for about half their value, by *A. H. Krouskop*, who now claims to be sole owner, and refuses to carry out the agreement whereby he obtained title. The complaint demands judgment that the transaction be declared a trust for the benefit of the creditors of *George Krouskop*; that *A. H. Krouskop* be required to account, and "to carry out all of the conditions and provisions under which he took the property."

For the appellants there was a brief by *John D. Wilson*, and oral argument by *A. R. Bushnell*.

For the respondents there was a brief by *Miner & Miner*, *F. W. Burnham*, and *W. S. McCorkle*, attorneys, with *R. M. Bashford*, of counsel, and oral argument by *W. S. McCorkle* and *R. M. Bashford*.

NEWMAN, J. It is evident, from the facts alleged in the complaint, that the purpose of the execution of the mortgage from *George Krouskop* and wife to *A. H. Krouskop*, and of the entire transaction by which the title to the lands became vested in him, was to hinder and delay the creditors of *George Krouskop*. As to them, it was fraudulent and void. But that fact does not, of necessity, affect the title of *A. H. Krouskop* with infirmity; for, as between the parties, the transaction may be upheld as valid, notwithstanding its infirmity when assailed by creditors. The parties

to the transaction are in no way touched by the rule of the maxim, "*In pari delicto potior est conditio defendentis.*" It is not tainted, as to them, by its infirmity towards creditors. As between the parties to the transaction, it may be upheld, rescinded for fraud, or reformed for mistake, according to the right of the case. *Clemens v. Clemens,* 28 Wis. 637; *Dietrich v. Koch,* 35 Wis. 618; *Davy v. Kelley,* 66 Wis. 452.

The complaint fails to show that the execution of the mortgage was procured by the fraud of the principal defendant. There are general averments that he "wickedly contrived," and "designedly and with a fraudulent intent" "requested and enticed," "holding out inducements," and made promises. It is not alleged that the inducements held out were false, nor that the promises were insincere; and no facts are alleged which show that they were so. His failure to perform these promises is not sufficient to establish a fraudulent intent at the time of making them. *Patterson v. Wright,* 64 Wis. 289. So, the complaint fails to state a cause of action in favor of *George Krouskop* and wife for rescission.

If the contract was so executed and evidenced as to be valid in that respect, no doubt it could be enforced against the principal defendant at the instance of the mortgagors. The evident intention of the transaction was to create a trust in favor of the creditors of *George Krouskop,* and a resulting trust in favor of himself and his wife. But such a trust in lands can neither be created nor proved by parol. It can be created and proved only by an instrument in writing. R. S. sec. 2302. A parol trust in land is void, in the election of the *trustee.* The courts will not interfere to compel him to execute it. *Fairchild v. Rasdall,* 9 Wis. 379; *Karr v. Washburn,* 56 Wis. 303; *Main v. Bosworth,* 77 Wis. 660; *Begole v. Hazzard,* 81 Wis. 274. There are no words in the complaint which seem to import a written instrument declaring the trust, nor that any agreement was made other than that to be implied from the principal defendant's oral

promises.- The allegation that *A. H. Krouskop* " assured *George Krouskop* and *Elizabeth Krouskop,* each separately and apart," that he would assume such a trust, seems most naturally to import that the promises relied upon were made by parol only. In fact, it was not claimed otherwise on the argument. For this reason, the trust cannot be enforced at the instance of *George Krouskop.*

The objection to its enforcement at the instance of the creditors of *George Krouskop* is insuperable, for the same reason. It does not relieve the situation to say that the transaction was an assignment for the benefit of creditors, and that such assignments, if voidable for any reason, are still valid, in the election of creditors. The difficulty is deeper than that. This transaction, even if intended to be an assignment for the benefit of creditors, is void at the election of the *assignee,* and will not be enforced against him, because of the statute which requires the interest of the creditors in the lands to be declared by some writing.

It is claimed that parol evidence is competent to show that this transaction was intended to be an assignment for the benefit of creditors; and *Winner v. Hoyt,* 66 Wis. 227, is cited to show that it is competent to show, by parol evidence, facts and circumstances which illustrate the intention of the parties. That is familiar, but not relevant. In that case the evidence was received for the purpose of showing that the instrument was intended to be an assignment for creditors, and void for an illegal preference. Fraud may always be proved by parol evidence. It can seldom be proved by any other. Here, parol evidence is sought to be introduced to prove the making of an agreement which the statute says can only be made in writing. It cannot be said that there is any such agreement, unless it has been evidenced by writing. *Fairchild v. Rasdall, supra.* And the plaintiffs are in no position to enable them to maintain the action as a creditors' bill. In order to maintain such an ac-

tion, it must appear that they have exhausted their legal remedies without avail.  It must appear that the claim has been reduced to judgment, not only, but that an execution on the judgment has been returned unsatisfied, at least in part, or that the action is brought in aid of an existing execution levy.  *Ahlhauser v. Doud,* 74 Wis. 400; *Daskam v. Neff,* 79 Wis. 161; *Gilbert v. Stockman,* 81 Wis. 602; *Rozek v. Redzinski,* 87 Wis. 525; *Northwestern Iron Co. v. Central Trust Co.* 90 Wis. 570.  The complaint does not show that an execution has been issued.  The complaint does not state a cause of action in favor of any of the plaintiffs.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.