Duncan vs. Duncan.

---

DUNCAN, Respondent, vs. DUNCAN, Appellant.

*May 22 — June 20, 1901.*

*Appeal: Findings of fact: Evidence: Immaterial errors: Trusts.*

1. The formal findings of the trial court in this case containing conclusions of law and being silent as to the real issue of fact litigated, but a written "decision" having been filed, signed "by the court," passing to some extent upon that issue, and the appellant having filed exceptions to various parts thereof, such decision is treated on appeal as a finding of fact.
2. One to whom land has been devised absolutely cannot be charged with a trust therein in favor of another, by parol evidence as to the testator's wishes, not showing that the execution of the will in that form was procured or induced by fraud.
3. In a case tried by the court a reversal cannot result from error in the admission of evidence.
4. A party who in his pleading expressly alleged that a will was duly admitted to probate cannot on appeal allege as error insufficiency of proof of the probate thereof.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Plaintiff, *James Duncan*, brought action in ejectment for the south half of a certain quarter section, alleging life estate in himself and withholding of possession by the de-

fendant, *David Duncan.*. The answer denied the allegations of the complaint, and set up by way of counterclaim that plaintiff's title depended upon the will of Esther Duncan, the mother of both plaintiff and defendant, duly probated, by which an ostensible estate for life was given to *James Duncan,* but that its execution in that form was obtained by *James* by such promises on his part as to charge him with a trust in favor of the defendant for an undivided one-half. Jury was waived, the action tried to the court, and judgment rendered in favor of the plaintiff in accordance with the prayer of the complaint, from which defendant appeals.

From the appellant there was a brief by *Brennan & Howe* and *Leo Philipson,* and oral argument by *W. E. Howe.*

For the respondent the cause was submitted on the brief of *Lowry & Clementson.*

Dodge, J. Substantially the only question disputed in the evidence was whether the life estate of the entire quarter section, of which the south half was claimed to be wrongfully withheld by defendant, was devised to the plaintiff under such circumstances that his refusal to recognize defendant's undivided interest therein so constituted a fraud as to justify a court of equity in charging him with the trust. After the trial the court filed a written opinion, which he indorses "Decision." This was followed by formal findings, which are recited in the judgment as "the findings of the court." Those findings are entirely silent upon the issue of fact thus tried. They find that the plaintiff is the owner for life; that the defendant has no right of possession during plaintiff's life; that he wrongfully withholds possession; that the plaintiff is entitled to recover possession,— obviously all of them being more properly conclusions of law than a finding upon any issue of fact, and none of them touching the real issue above described. In the so-called decision, however, the circuit judge does pass to some ex-

Duncan vs. Duncan.

tent upon the evidence as to the making of the will, and declares his conclusion that "the evidence in this case entirely fails to show fraud of any kind on the part of the plaintiff in procuring the will of his mother to be made as it was." This practice is extremely confusing, and leaves much doubt whether the court intended the so-called decision to be a compliance with the statutory requirement for a written decision stating separately the facts found and the conclusions of law therefrom, with which latter requirement it does not comply in form. Especially uncertain is it where he also files a formal document designated as such findings. Nevertheless, we cannot avoid the view that the so-called decision, duly signed "by the court," must be taken as declaring the judicial conclusion upon the facts, so far as any is stated therein. It has been so treated by the appellant, who has duly filed exceptions to the various parts thereof. So treating it, the circuit court has found that the will in its present form was in no way procured or induced by plaintiff; that he, on the contrary, urged testatrix not to make any devise to him to hold in any wise in connection with defendant; that no fraud of any kind on the part of the plaintiff in procuring the will to be made as it was is shown.

Examination of the evidence makes apparent abundant support for such findings,— certainly no preponderance against them,— and they must be accepted as verities. From them no conclusion other than that reached by the trial court can be deduced. The statutory prohibition against creation or proof of an express trust in land by parol is not to be evaded except in a clear case of the inducement of a conveyance omitting to declare such trust by such conduct and promises and under such circumstances of trust and confidence that fraud in so doing is apparent. *Fairchild v. Rasdall*, 9 Wis. 379; *Brook v. Chappell*, 34 Wis. 405; *Cutler v. Babcock*, 81 Wis. 195, 206; *Krouskop v. Krouskop*, 95 Wis. 296.

Errors are assigned upon the admission of certain evidence. The rule that reversal cannot result from any such errors in trials without a jury has now been established so long, and reiterated so frequently, that briefs ought not to be incumbered with such assignments.

Another error complained of is insufficiency of proof of the probate of the will conferring plaintiff's title. We do not examine the question on this appeal, because appellant in his answer expressly alleges that the "will was duly admitted to probate." No further proof of that fact was necessary.

*By the Court.*— Judgment affirmed.