THE MILWAUKEE NATIONAL BANK OF WISCONSIN, Appellant, vs. GALLUN and wife, Respondents.

*November 28—December 16, 1902.*

*Appeal and error: Findings: Indefiniteness: Construction: Presumptions.*

1. A finding of the trial court, "that plaintiff wholly failed to substantiate his allegations by a preponderance of evidence," standing alone, fails to declare the issuable facts upon which such conclusion is announced, and does not comply with sec. 2863, Stats. 1898, requiring the trial judge in his decision to state the facts found by him.

2. Where in a preamble to his findings the trial judge described plaintiff's claim as to two issues of fact, and then finds "that plaintiff wholly failed to substantiate his allegations by a preponderance of evidence," such finding will be presumed to apply to those issues and to negative them.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

On September 20, 1898, and for some years theretofore, the respondent *Frederick Gallun* was a hardware merchant in Milwaukee, and a regular depositing and borrowing customer of the appellant, although his borrowing had not exceeded $600 at any one time. On that day he applied for a loan of $800, which was accorded him, his note at four months taken therefor, and the amount carried to the credit of his general account, which already contained between $2,400 and $2,500. On the same day defendant drew and

had certified a check of $3,180, which nearly, but not quite, exhausted his deposit account, and paid the same to the Northwestern Mutual Life Insurance Company in satisfaction of a $3,000 mortgage theretofore existing upon his homestead in the city of Milwaukee. The plaintiff claims that the loan of $800 was made expressly for the purpose of being used to take up this mortgage, and upon a promise that at any time when requested respondent would secure the same by a mortgage on the same premises. Both of these assertions are denied by the defendant as a witness, and by his son, who claims to have been present at the transaction. Thereafter the $800 was renewed from time to time, and on three occasions further amounts were borrowed, which in each case were added to the preceding indebtedness, and a new note given for the whole, until it reached the sum of $1,500 on March 17, 1900, when a note for that amount was given, and was renewed on June 15, 1900. At the maturity of that note—October 15th—respondent asked ten days' additional delay, and about the 20th of October, 1900, filed his petition in bankruptcy, and on October 25th was adjudged bankrupt, and on December 20, 1900, discharged from his debts. Thereafter appellant, not having proved its debt in bankruptcy, commenced this action, alleging the loan of the original $800 to be used towards paying off this mortgage, and of other sums towards paying taxes on the land, and an agreement by respondent to secure same by mortgage; and praying that the release of the insurance company's mortgage be set aside and vacated, and the same be declared a valid and subsisting lien in plaintiff's favor for the said sum of $1,500 and interest, and for subrogation of the plaintiff for said sum of $800 and the additional loans, and that the mortgage be foreclosed for said sums; also praying that the defendants, *Frederick Gallun* and his wife, be compelled to execute a mortgage on said premises to secure said indebtedness of $1,500. After trial the court made findings of fact to the

effect "that the plaintiff wholly failed to substantiate his allegations by a preponderance of evidence," and thereupon entered judgment in favor of defendants, from which the plaintiff brings this appeal.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *A. W. Fairchild.*

*M. N. Lando,* for the respondents.

Dodge, J. Our only serious doubt in this case has been as to the effect to be given the so-called finding of facts to the effect merely "that plaintiff wholly failed to substantiate his allegations by a preponderance of evidence." This is in no fair sense a performance by the trial judge of his duty enjoined by sec. 2863, Stats. 1898, that he shall, in his decision, state the facts found by him. The fault is not, as urged by appellant, that the finding in question only states an opinion or conclusion, for that is the true function of the trial court, namely, to state, not the evidentiary facts, but his conclusion therefrom upon the ultimate issuable facts tried before him. This finding, however, standing alone, fails to declare the issuable facts upon which such conclusion is announced. It cannot be taken generally, for some of plaintiff's allegations were established beyond controversy,—such as that the moneys in question were loaned, and that such moneys, or part of them, were used by defendant to pay off his mortgage to the insurance company. If, then, the finding is not to be taken as true according to its words, how far does it indicate action of the judicial mind? Such question ought never to confront either a defeated litigant or the appellate court. Being presented, however, we must try to answer it, so far as we can do so with reasonable certainty, to the end that the judgment be not reversed unless error affirmatively appear. It must, of course, be assumed that the trial judge intended to declare his conclusion upon some, at least, of the material issues of fact; and we find that in a sort of preamble he de-

scribes plaintiff's claim as to two of such issues, namely, that the $800 was borrowed for use in paying off the insurance company's mortgage, and that defendant promised to execute a mortgage to plaintiff when demanded. With some hesitation we conclude that the finding quoted must be assumed to apply to these contentions of plaintiff, and to negative them. See *Duncan v. Duncan,* 111 Wis. 75, 76, 86 N. W. 562. That conclusion having been reached, and the finding being excepted to, we have made examination of the evidence, which discloses a conflict as to the transaction of borrowing these moneys; as to whether they, or any of them, were loaned for the purpose of discharging the existing mortgage; and whether there was any agreement to secure them by mortgage. Whether we might think the fair preponderance of this evidence supports or refutes plaintiff's claims, we cannot say that a negative finding is against any such clear and overwhelming preponderance as to justify its reversal under established rules. *Hill v. American Surety Co.* 112 Wis. 627, 631, 88 N. W. 642. Of course, in the absence of these facts, there can be no right either to subrogation or to judgment requiring defendants to execute a new mortgage, and any discussion or decision upon the law applicable under other circumstances is unnecessary.

*By the Court.*—Judgment affirmed.