TAUGHER, Appellant, vs. HARDWARE MUTUAL CASUALTY COMPANY and another, Respondents.

*May 6—June 4, 1940.*

56

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

For the respondents there was a brief by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *William A. Hayes.*

WICKHEM, J.   The ground upon which the circuit court reversed the judgment of the civil court was that the finding exonerating plaintiff from contributory negligence was against the great weight and clear preponderance of the evidence.   This requires a brief review of the facts.

Plaintiff and defendant were sisters.   Plaintiff was the proprietor of a restaurant in Milwaukee.   On February 20, 1937, accompanied by another sister and a cousin, defendant had driven a borrowed car from Kewaunee to Milwaukee. She picked up plaintiff, and the party of four drove out on the Blue Mound road in the western part of Milwaukee to a tavern or restaurant where they had dinner.   They then made several trips about the city, and shortly after midnight defendant started to deliver the guests to the places where they were to stay for the night.   The sister who had accompanied defendant from Kewaunee was taken to a home on the west side, and the cousin delivered to the Shorecrest Hotel on Prospect avenue.   Defendant then drove north on Prospect avenue, turned west on Kenilworth place, to Farwell avenue, and then proceeded south on Farwell.   Defendant's destination was a garage where the car was to be stored for the night.   Farwell avenue was paved with brick and had two streetcar tracks.   The weather was damp and somewhat foggy.   The streets were slippery.   Defendant was proceed-

ing in the streetcar tracks at from twenty-five to thirty miles an hour and was approaching the bridge on which the accident occurred. When about one hundred twenty-six feet from the bridge, plaintiff asked defendant to slow down and to get out of the rut created by the streetcar tracks. There is some conflict in the evidence as to how immediately defendant's response followed the request, but at all events before reaching the bridge defendant did make an effort to get out of the tracks and lost control of the car. The left front portion of the car struck the center girder of the bridge. Plaintiff was injured and the car quite badly damaged.

The circuit court concluded that defendant's negligence was sufficiently established, and that the trial court had correctly held that there was no assumption of risk. It concluded that the great weight and clear preponderance of the evidence indicated that plaintiff's direction to defendant to slow down and get out of the streetcar tracks was an efficient cause of the accident and constituted contributory negligence. We are unable to agree with this conclusion. There is no evidence that there was anything in the terms or manner of the request that called for immediate action on defendant's part, or that was calculated to disturb or disconcert the defendant into adopting an improvident course of action. There is evidence that the request was not immediately acted upon, and there is no evidence that defendant regarded it as calling for such action. Under these circumstances, we conclude that the trial court's finding that there was no contributory negligence was supported by the evidence and should not have been set aside. Any other conclusion puts the guest in the intolerable dilemma of having to assume the risk if he does not protest and being guilty of contributory negligence if he does so.

The other ground upon which the trial court was reversed had to do with errors in admitting evidence. Boiled down to its lowest terms, plaintiff was permitted to examine the

defendant adversely and to ask leading questions, when as contended by defendant and considered by the circuit court she was so friendly to plaintiff as to make this form of examination improper. The circuit court concedes that the trial court had a discretion but considered that the discretion was abused. We consider this view to be erroneous. This was a trial before the court without a jury, and a great many factors that might be prejudicial in a case tried to a jury ought not to be held so in case of a trial by the court. This court has usually held where there is sufficient evidence properly before the court to sustain its findings that the fact that evidence was improperly received will not be considered reversible error, and the presumption is that the trial court did not rely upon the evidence improperly admitted. *Estate of Southard,* 208 Wis. 150, 242 N. W. 584. This rule applies with greater force where the objection is to the form of questions and where the substance of the matter admitted is perfectly proper.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the judgment of the civil court.