## KARR and others vs. WASHBURN and others.

*November 24 — December 12, 1882.*

TRUSTS. *(1) Parol trusts, when void: when may be executed.*
TAX SALES: REDEMPTION. *(2) Statutes liberally construed. (3) What interest necessary to redemption.*

| 56 | 303 |
| 74 | 82 |
| 56 | 303 |
| 77 | 665 |
| 56 | 303 |
| 79 | 378 |
| 56 | 303 |
| 81 | 277 |
| 56 | 303 |
| 95 | 299 |
| 56 | 303 |
| 90 | 81 |
| 56 | 303 |
| 96 | 480 |
| 56 | 303 |
| 100 | 546 |

1. Under sec. 2302, R. S. (which provides that no trust concerning lands shall be created, assigned, granted, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing), a parol trust is not an absolute nullity, but is simply void at the election of the trustee. If he executes the trust the courts will protect him in doing so, and, as far as possible, will protect the beneficiaries in the enjoyment of the fruits thereof.
2. The statute giving the right of redemption from sales for taxes, should be liberally construed in favor of those who seek to exercise that right.
3. Sec. 1166, R. S. (which provides that the lands of minors or any interest they may have in lands sold for taxes, may be redeemed at any time before such minors come of age, and during one year thereafter), is *held* to give the right to redeem to a minor whose interest rests upon a moral obligation alone, if that obligation be executed and the title become vested in him, before the period of redemption expires.

APPEAL from the Circuit Court for *Door* County.

Ejectment to recover certain lots in the village of Sturgeon Bay, in Door county. Omitting everything not material to the question considered by this court, the case is briefly as follows:

In 1863 one Bartlett, who held the legal title to the lots

in controversy, conveyed the same by deed of quitclaim, absolute on its face, to one Harris. In 1873 the lots were sold for taxes to Door county, the certificates of sale were afterwards duly assigned to one of the defendants, and in 1876 a valid tax deed was executed to such assignee by the proper officer, which deed was duly recorded. May 9, 1879, Harris conveyed the lots to the plaintiffs by quitclaim deed. On the trial the plaintiffs offered testimony to prove that Bartlett recognized the plaintiffs' equitable ownership of the lots, and for convenience conveyed the same to Harris without consideration, with the understanding between them that Harris should convey the same to the plaintiffs, and that the deed of May 9, 1879, was executed by him pursuant to such understanding. The plaintiffs also offered to prove that on December 31, 1878, they redeemed the lots from the tax sale on which defendant's tax deed issued. At this time two of the three plaintiffs were minors and the other became twenty-one years of age less than one month before such redemption. All the testimony thus offered was excluded by the court. The findings are that at the time of the tax sale Harris owned the lots in fee, and that the defendant, the grantee in the tax deed, is now the owner thereof.

Judgment for defendants, dismissing the complaint, and for costs, was thereupon entered, and the plaintiffs appealed.

For the appellants there were briefs by *O. E. Dreutzer* and *Tracy & Bailey*, and oral argument by *Mr. Dreutzer* and *Mr. Tracy*. They argued, among other things, that the statute did not prohibit a resulting trust, but merely required written proof of it; that such proof was necessary only when the alleged trustee denied that he held the lands in trust; that the deed from Harris to the plaintiffs was an admission of the existence and a complete execution of the trust, and rendered parol evidence admissible to explain the relation of the parties; that Harris had the right so to exe-

cute the trust, and that the defendants could not object to his so doing or insist upon the statute of frauds in this action; and that the trust so executed or proved would, however late the proof, relate back to its creation. They cited Perry on Trusts, secs. 82, 85, 98, 359; *Dale v. Hamilton*, 2 Phillips, 266; 1 Smith's L. C., 377; *Kekewich v. Manning*, 1 DeG., McN. & G., 176; *Badgley v. Votrain*, 68 Ill., 23; Brown on Stat. of Frauds, 484; 14 Vt., 466; *Kingsbury v. Burnside*, 58 Ill., 310; 11 Am. Rep., 67; *Chicago Dock Co. v. Kinzie*, 49 Ill., 289; *Glenn v. Rogers*, 3 Md., 312; *Lefferson v. Dallas*, 20 Ohio St., 68; *Hays v. Lewis*, 21 Wis., 663; *Stone v. Hackett*, 12 Gray, 227; *Cahill v. Bigelow*, 18 Pick., 369; *Beal v. Brown*, 13 Allen, 144; *Houser v. Lamont*, 55 Pa. St., 311; *Garrett v. Garrett*, 27 Ala., 687; *Bohannon v. Pace*, 6 Dana, 194; *Rasdall v. Rasdall*, 9 Wis., 380.

For the respondents there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings*. They contended, *inter alia*, that the whole legal and equitable title to the premises remained in Harris until it was cut off by the defendant's tax deed. If the plaintiffs had any right or interest it must have been to compel a conveyance to them. Would a court of equity recognize and enforce such right? This is the test of its existence. *Tolman v. Leathers*, 10 Reporter, 133. Nothing is better settled than that no interest is recognized by equity in a proposed voluntary donee before the gift is fully executed. See *Eaton v. Eaton*, 15 Wis., 259; *Petisch v. Hambach*, 48 id., 447; *Smith v. Wood*, 12 id., 382; *Sherwood v. Sherwood*, 45 id., 361; Perry on Trusts, sec. 97. Plaintiffs had, at most, a mere expectancy dependent on the will and pleasure of Harris. That expectancy was not property, nor estate, nor such interest as the law recognizes. If such an expectancy gives a right of redemption, much greater would be the right of any child to redeem his father's estate, during the father's life-time, because of a prospect of his inheriting it. Our statutes not only prohibit the creation

of a trust by parol, but the only statute authorizing the existence of such a trust as is here claimed, conditions such existence upon the fact of its being fully expressed or clearly defined upon the face of the instrument creating it. This court has always adhered to the letter and spirit of this statute. *Rogan v. Walker,* 1 Wis., 527, 591; *Whiting v. Gould,* 2 id., 552, 583–7; *Orton v. Knab,* 3 id., 576; *Rasdall v. Rasdall,* 9 id., 379; *Bird v. Morrison,* 12 id., 139, 152. There is no exception in the statute, permitting the trustee to admit or testify to the existence of the trust when the question arises between the *cestui que trust* and other parties, and the court can make no such exception. *Encking v. Simmons,* 28 Wis., 276. If we regard the statute as merely establishing a rule of evidence and not going to the existence of the trust, such cases are as much within its spirit as those where the trust is sought to be shown against the alleged trustee. Under appellants' theory of the statute, if a party's lands are sold on execution or for nonpayment of taxes, and his title is irretrievably lost, all that he has to do is to testify that he only held the title in trust for some minors, and the land is cleared from the lien of the execution and a right of redemption from the sale established. But the statute does not merely prescribe a rule of evidence. It prohibits the creation or existence of parol trusts of this nature. R. S., secs. 2081, 2302; *Brandeis v. Neustadtl,* 13 Wis., 142. It differs in this respect from the English statutes and those of many states. And, too, it makes the same provision relative to estates and interests, as to trusts. If a trust can be created by parol, then can estates and interests in land be not only created, but granted, assigned, and surrendered by parol.

LYON, J. The alleged redemption, which the plaintiffs offered to prove, was attempted to be made under ch. 89, Laws of 1868, which is incorporated in R. S., 374, sec. 1166

The statute is as follows: " The lands of minors, or any interest they may have in lands sold for taxes, may be redeemed at any time before such minors come of age, and during one year thereafter." The question to be determined is, Did the plaintiffs have any interest in the lots in controversy when they redeemed the same? Their interest (if they had any) results from the facts which they proposed to prove, that Bartlett, the former owner, recognized their equitable right to the lots, and that he conveyed them to Harris upon the parol trust that he would convey the same to the plaintiffs, who were thus recognized by Bartlett as the equitable owners. The eldest plaintiff became of age December 9, 1878. Hence, at the time Harris conveyed to the plaintiffs, May 9, 1879, the time of redemption limited by the above statute had not expired.

Harris was under the strongest moral obligation to convey the lots to the plaintiffs, although he could not have been compelled to do so by judicial process. To the extent of that moral obligation plaintiffs had an interest in the lots. By Harris's conveyance to them, that interest became fully vested, and from thenceforth they became, but for the tax deed, the absolute owners of the fee. Before conveyance, their interest in the lots was their moral right to become the absolute owners of the fee. Hence, the conveyance only gave them that to which they were honestly entitled, long before the tax was levied which is the basis of the tax deed under which defendants claim.

The statute provides (R. S., 654, sec. 2302) that no trust concerning lands shall be created, assigned, granted, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, assigning, granting, surrendering, or declaring the same. But this does not prevent the execution by the trustee of a parol trust. Indeed, in *Rasdall's Adm'r v. Rasdall*, 9 Wis., 380, this court, after holding a parol trust concerning

lands void, appealed to the conscience of the trustee to execute the trust as an act of justice to the beneficiaries. Whatever may be the language of the courts, perhaps of this court, in some of the cases, such a trust is not an absolute nullity. It is simply void at the election of the trustee. He may execute it or not, as he chooses, and the courts will not interfere to compel him to execute it or to restrain him from so doing. If he refuses to execute it, from thenceforth the trust, which rests only upon a moral obligation, is a nullity. If, however, he elects to perform his moral duty in the premises, and does execute his trust, the courts will protect him in doing so, and will protect the beneficiaries as far as possible in the enjoyment of the fruits of the executed trust.

The law is tender of moral obligations, even though not enforceable by judicial process. This is manifest in many of the cases cited by counsel for the plaintiff, in which persons have been protected in the discharge of obligations void under the statute of frauds, and this even as against creditors. In *Bank v. Bertschy*, 52 Wis., 438, this court gave its sanction to the same doctrine. After citing and commenting upon several cases bearing upon the subject, Mr. Justice TAYLOR says: "These cases seem to establish the rule that a conveyance or security given for a debt, or in fulfilment of a contract which could have been recovered or enforced in an action were it not for some legal maxim or statutory provision which prevents such recovery by reason of the contract not being in the form prescribed by the statute,— or, in other words, not being evidenced in the manner prescribed by law,— is not a voluntary conveyance or security, and therefore fraudulent and void as to creditors, if the evidence shows that there was a sufficient consideration for the debt or promise to support the same were it not for the statutory requirements." This case is within that rule, for at the common law the trust here alleged would have been valid and enforceable.

The holder of a tax certificate or the grantee in a redeemable tax deed cannot be in any better position than a creditor in respect to the execution of a parol trust concerning the lands covered by such certificate or deed. While the same remains redeemable, the amount paid for the certificate or deed is a debt against the land secured by a first lien upon the land, and drawing interest at the rate of twenty-five per cent. per annum. The security covers all interests in the land, without regard to notice or registry laws, and is held by the purchaser subject to the right of redemption given by the statute. Surely, the law deals liberally with the purchaser, in that it secures repayment of his investment with such enormous interest thereon in case of redemption, and if not redeemed, gives him the paramount and absolute title to the land included in his certificate or deed.

The tax-title claimant being thus liberally dealt with, it is but reasonable and just that the statutes giving the right of redemption should be liberally construed in favor of those who seek to exercise that right. A strict construction of the statute above quoted might restrict a minor's right to redeem to a case where his interest in the lands is enforceable by judicial process. But a more liberal and a more reasonable and just construction would be to give the right to one whose interest rests upon a moral obligation alone, if that obligation be executed, and the title becomes vested in the minor before the period of redemption expires.

We must hold, therefore, that if Bartlett, recognizing the fact that the plaintiffs were equitably entitled to the lots in controversy, conveyed the same to Harris upon the parol trust that Harris should convey to the plaintiffs, inasmuch as Harris executed the trust before the time of redemption expired, the plaintiff had an interest in the lots, within the meaning of the statute (sec. 1166) above quoted, from the time they were conveyed to Harris, and were entitled to redeem from the tax sale under which defendants claim.

Because the circuit court rejected the evidence offered to prove these facts, the judgment must be reversed. How the case would have stood had Harris failed to execute his trust until after the time limited for redemption had expired, is not determined.

*By the Court.*— Judgment reversed and cause remanded for a new trial.