MAIN, Respondent, vs. BOSWORTH and others, Appellants.

*October 14 — November 5, 1890.*

*Judgment: Execution: Registry laws: Bona fide purchaser: Parol trust.*

1. A judgment creditor who purchases at his own execution sale in satisfaction of his judgment takes only the actual interest of the judgment debtor in the land so purchased, without regard to the state of the record title.
2. Land was conveyed by a deed absolute on its face, but without consideration, and the grantee, pursuant to a parol agreement, mortgaged it for his own benefit and then reconveyed to the original owner. After the mortgage was given, but before the reconveyance, a judgment against said grantee was docketed and the land was sold under an execution thereon to one of the judgment creditors. *Held,* that the parol trust or agreement to reconvey, having been executed, was valid and might be proved, and that the purchaser at the execution sale obtained no interest in the land.

APPEAL from the Circuit Court for *Outagamie* County. The action is in equity to remove a cloud upon the title to certain lands of the plaintiff. The case is as follows:

On December 31, 1888, the plaintiff, *W. D. Main,* then being the owner of a certain parcel of land in Outagamie county, which he occupied as his homestead, conveyed the same by deed of warranty to his brother, Gilbert S. Main.

Such conveyance is absolute on its face. The wife of the plaintiff joined therein. The conveyance was executed without consideration, pursuant to a parol agreement between the parties thereto that the grantee, Gilbert S., should execute a mortgage thereon to secure a loan for $600 for his own benefit, and should then reconvey the land to the plaintiff. Gilbert S. effected the loan, and executed a mortgage therefor on such land. A few days later the defendants *Bosworth, Hopkins,* and *Hopkins* (who were partners) filed in the office of the clerk of the circuit court of Outagamie county a transcript of a judgment recovered by them in 1884, in the circuit court of Waupaca county, and issued an execution thereon to the defendant the sheriff of Outagamie county, who levied upon, advertised, and, on May 24, 1889, sold, the land in question under the execution for a sum apparently sufficient to pay the judgment, interest, and costs. The defendant *B. B. Hopkins* was the purchaser at such sale, and a certificate thereof was issued to him, a duplicate of which was duly filed in the office of the proper register of deeds. On June 21, 1889, Gilbert S. Main reconveyed the land to the plaintiff pursuant to such parol agreement. The plaintiff, during the whole time of these transactions, remained in the actual and exclusive possession of the land.

The foregoing facts (and some others not material to the determination of the case) appear from the pleadings, proofs, and findings of the court. The sheriff made no defense to the action. The relief demanded in the complaint is that the execution sale, the certificate thereof, and any apparent lien of the judgment and sale upon the land, be set aside, vacated, canceled, and removed.

A trial of the action resulted in a judgment for the plaintiff for the relief prayed. The defendants *Bosworth, Hopkins,* and *Hopkins* appeal from the judgment.

For the appellants there was a brief by *Winkler, Flanders,*

*Smith, Bottum & Vilas*, of counsel, and *F. C. Weed*, attorney, and oral argument by *C. H. Van Alstine*. They contended, *inter alia*, that a judgment creditor purchasing land at his own execution sale, and as a consideration thereon paying only the amount due on his own judgment with costs of sale, is a purchaser in good faith for a valuable consideration, within the recording act, and is protected thereby. *Ehle v. Brown*, 31 Wis. 405; *Girardin v. Lampe*, 58 id. 267, and cases cited; *Wood v. Chapin*, 13 N. Y. 509; *Barto v. Tompkins Co. Nat. Bank*, 15 Hun, 11; *Hunter v. Watson*, 12 Cal. 363; *Humphrey v. McGill*, 59 Ga. 649; *Dixon v. Cook*, 47 Miss. 226; *Ingram v. Belk*, 2 Strobh. (S. C.), 207; *Wallace v. Campbell*, 54 Tex. 87; *Massey v. Westcott*, 40 Ill. 160; *Gower v. Doheny*, 33 Iowa, 36; *Evans v. McGlasson*, 18 id. 150. A properly recorded certificate of an execution sale is a "conveyance" within the statute of registration. R. S. secs. 2241, 2242; *Drake v. McLean*, 47 Mich. 102. The agreement between the plaintiff and his brother was in the nature of a secret trust, and, resting in parol, is void and cannot be enforced or invoked in aid of either of the parties thereto. The plaintiff is estopped by his deed and by his acts from denying his brother's title to the land. With full knowledge of all the facts he stood by and permitted the property to be sold as his brother's without objection. *Kloety v. Delles*, 45 Wis. 484; *Cooley v. Wilson*, 42 Iowa, 425; *Brothers v. Porter*, 6 B. Mon. 113; *Davis v. Tingle*, 8 id. 542; *Crawford v. Bertholf*, 1 N. J. Eq. 460; *Coil v. Wallace*, 24 N. J. Law, 291, 313; *Rigney v. Smith*, 39 Barb. 383; *Anderson v. Armstead*, 69 Ill. 452; *Higgins v. Ferguson*, 14 id. 269; *Winchell v. Edwards*, 57 id. 41; *Continental Nat. Bank v. Nat. Bank*, 50 N. Y. 575; 4 Kent's Comm. 261, note *b; Cox v. Buck*, 3 Strobh. 367.

*John Bottensek*, for the respondent, argued that parol evidence was properly admitted to prove the purpose for which

the plaintiff deeded the land to his brother, and that the reconveyance related back to the date of that deed. *Karr v. Washburn,* 56 Wis. 303; *Lefferson v. Dallas,* 20 Ohio St. 68; *First Nat. Bank v. Bertschy,* 52 Wis. 438; *Wells v. Benton,* 108 Ind. 585. When the transcript was filed and docketed G. S. Main had no right or interest in the land which became subject to the lien of the judgment. 2 Pomeroy, Eq. Jur. sec. 721; Freeman, Judg. sec. 357; *Goodell v. Blumer,* 41 Wis. 436; *Ells v. Tousley,* 1 Paige, 280; *Morris v. Mowatt,* 2 id. 586; *Brown v. Pierce,* 7 Wall. 205, 218; *Baker v. Morton,* 12 id. 150; *Arnold v. Patrick,* 6 Paige, 310, 315. The defendant *B. B. Hopkins* was not a purchaser in good faith at sheriff's execution sale, because: (1) The plaintiff was and remained in the actual, open, continuous occupancy and possession of the land for years next preceding and to the trial of this action. *Bull v. Bell,* 4 Wis. 54; *Wicke v. Lake,* 21 id. 410; *McClellan v. Scott,* 24 Wis. 81; *Ehle v. Brown,* 31 id. 405, 413; *Cunningham v. Brown,* 44 id. 72. (2) Said defendant is one of the judgment creditors and purchased on sale under his judgment, paid no new consideration, and parted with no right or advantage by the sale and purchase. Freeman, Judg. sec. 366*a; Cary v. White,* 52 N. Y. 128; 2 Am. & Eng. Ency. of Law, 444. The rule of estoppel contended for by the defendants cannot apply here because neither of them was influenced or governed in his actions by the silence or absence of the plaintiff.

LYON, J. If the judgment of the appellants became a lien upon the land in question on filing the transcript thereof in Outagamie county, it was only a lien upon the actual interest therein of Gilbert S. Main, the judgment debtor. Hence it is necessary to determine what that interest was. This question is not affected by the registry laws, for a judgment creditor who purchases at his own execution sale in satisfaction of his judgment takes only the actual interest

of the judgment debtor in the land so purchased, without regard to the state of the record title. The lien of a judgment which the statute gives (R. S. sec. 2902) is upon the real property of the judgment debtor in the county in which the judgment is docketed, not upon the real property therein the title to which appears by the records in the proper offices to be in such debtor. An apt illustration of this is found in the present case. The mortgage for $600 on this land, executed by Gilbert S. Main, was not recorded until after the transcript of appellant's judgment had been duly filed in Outagamie county, yet it is not claimed here that the lien of the judgment is paramount to such after-recorded mortgage. For the same reason, the question of the interest of the judgment debtor in the land is not affected by the existence or absence of knowledge by the appellants, or notice to them, whether actual or constructive, of the parol trust or agreement to reconvey, pursuant to which the plaintiff and his wife conveyed the land to the judgment debtor, and he reconveyed the same to the plaintiff. Were this otherwise, probably the fact that the plaintiff never parted with the actual possession of the land would be sufficient to charge the appellants with constructive notice of the parol trust under which the judgment debtor held the legal title thereto.

The controlling question is, therefore, Had the judgment debtor any interest in the land when the transcript was filed in Outagamie county, upon which the appellants' judgment became a lien, or which was subject to seizure and sale on the execution issued thereon? The question is not burdened with any considerations of fraud, for none is charged or intimated against any of the parties. The parol trust is valid at common law, and but for the statute of frauds (R. S. sec. 2302) might be enforced in equity. Because of the statute it cannot now be thus enforced, yet it is not a nullity. While Gilbert S. Main could not be com-

pelled to execute the trust by reconveying the land to plaintiff, yet he was under the strongest moral obligation to do so. To the extent of such obligation, plaintiff was the equitable owner of the land when the transcript of appellants' judgment was filed in Outagamie county, the judgment debtor holding only the naked legal title in trust for the plaintiff. Had the trust been created by a writing duly signed, the judgment debtor would have had no interest in the land which could have been reached by the appellants' judgment and execution.

But the trustee, in the discharge of his moral obligation to do so, has reconveyed the land to the plaintiff — thus executing the parol trust. We think this conveyance, although executed after the transcript was filed in Outagamie county, cures the failure to create the trust in writing duly signed and places the plaintiff in the same position as though it had been so created, which, as a matter of course, includes the right to make proof of the parol trust thus executed. The only risk the plaintiff incurred by allowing the trust to rest in parol was that the trustee might dishonestly refuse to execute it. This doctrine is fairly deducible from the opinions and judgments of this court in *Karr v. Washburn*, 56 Wis. 303; *First Nat. Bank v. Bertschy*, 52 Wis. 438; *Goodell v. Blumer*, 41 Wis. 436. Those cases may differ from this case in some of their features, yet the principles there asserted are applicable here, and rule this case. Nothing need be added to what is said in the opinions therein.

*By the Court.* — The judgment of the circuit court is affirmed.