Begole vs. Hazzard and others.

BEGOLE, by guardian *ad litem*, Respondent, vs. HAZZARD and others, Appellants.

*January 16 — February 2, 1892.*

*Evidence: Transactions with person since deceased: Tax titles: Redemption by minor: Parol trusts.*

Shortly before his death plaintiff's father conveyed the lands in suit to his father, upon an oral agreement that the latter should dispose of them for the benefit of the plaintiff. The lands had then been sold for taxes, and in the following year the defendants obtained a tax deed thereof. Some years later the lands were conveyed to plaintiff by his grandfather pursuant to said oral agreement, and the plaintiff, being then still a minor, redeemed them from the tax sale and brought ejectment. *Held:*

(1) Plaintiff's grandfather was competent to testify to the oral agreement with plaintiff's deceased father. Sec. 4069, R. S., does not apply because the defendants, claiming under their tax deed, do not "derive their title or sustain their liability to the cause of action from, through, or under such deceased person."

(2) The trust created by said oral agreement was not void under sec. 2302, R. S., but voidable only, at the election of the trustee. It gave the plaintiff, therefore, an equitable interest in the lands, and such interest gave him the legal right to redeem from the tax sale at any time during his minority or within one year thereafter.

APPEAL from the Circuit Court for *Wood* County.

This is an action of ejectment commenced in April, 1889. The complaint is in the usual form. The defendants claim

Begole vs. Hazzard and others.

title under tax deeds, fair on their face, issued to them by the state and Marathon county August 28, 1878, and recorded on that day, for the taxes of 1873 and the sale of 1874. The plaintiff claims title under the following facts and conveyances, to wit:

Frank C. Begole entered the lands and obtained the title thereto prior to 1873. March 26, 1877, Frank C. Begole resided at Wichita, Kan., having a wife and only three children, all of whom were infants,— one then sick, who died in March, 1877, another named Paul, and the other the plaintiff, *Josiah W. Begole, Jr.* A short time prior to that time, he had lost another child. On March 26, 1877, Frank C. Begole, being in poor health and fearful of death, and while at St. Augustine, Fla., conveyed said lands by warranty deed dated March 19, 1877, reciting a consideration of $1,000, to his father, Josiah W. Begole, then and ever since residing at Flint, Mich., but who was then present. On April 1, 1877, Frank C. Begole died in Florida, and in August, 1877, Paul died. On December 28, 1888, the said Josiah W. Begole, by quitclaim deed reciting a consideration of "one dollar and other considerations," conveyed said lands to his grandson, the plaintiff, *Josiah W. Begole, Jr.* On February 19, 1889, the plaintiff being a minor and less than nineteen years of age, duly redeemed all of said lands from said tax sale of 1874 by paying to the clerk of Marathon county, in which said lands were situated, for the use of the defendants and their heirs or assigns, the amount for which they were sold, with interest, fees, and charges, as prescribed by statute.

A jury was waived, and the cause was tried by the court, and the facts were found in effect as stated. And as conclusions of law the court in effect found that said taxes were lawfully redeemed; that the defendants were not entitled to the possession of the lands under the tax deeds; that the plaintiff was the absolute owner in fee and entitled to

the possession of the lands, and to judgment as demanded in the complaint, with six cents damages. From the judgment entered thereon accordingly the defendants appeal.

For the appellant there was a brief by *Brown & Pradt*, and oral argument by *Neal Brown*. They contended, *inter alia*, that the parol trust could not be proved by the testimony of plaintiff's grandfather. Though the defendants do not derive their title from the deceased, yet they sustain their liability to the cause of action from him, or, in other words, because he had the original title they are liable to this action. See *Stewart v. Stewart*, 41 Wis. 624; *Bill v. Stoll*, 55 id. 216; *Littlefield v. Littlefield*, 51 id. 23. The trust being for the benefit of the surviving children of Frank C. Begole, and there being two surviving children — Paul having died during the August following his father's death — the plaintiff has the right to redeem and recover only his own share and not the share which Paul would have been entitled to had he lived. The right of redemption conferred upon minors by our statute is a personal right, and can only be exercised by the one to whom it is given.

For the respondent the cause was submitted on the brief of *Henry C. Hetzel*.

CASSODAY, J. 1. At the time of taking the tax deeds, August 28, 1878, under which the defendants claim the lands in question, the original and legal title to the same was in the plaintiff's grandfather, by virtue of the deed to him from the plaintiff's father, executed March 26, 1877, as mentioned in the foregoing statement. It is claimed, however, that the equitable right and title to the lands were then in the plaintiff, by virtue of a parol understanding and agreement had and made by the plaintiff's father and grandfather at the time of executing and delivering the deed mentioned, to the effect that the grandfather should take the deed and

dispose of the lands for the benefit of Frank C. Begole's children and the survivor of them, and that the plaintiff was such survivor. Such parol understanding and agreement the plaintiff was permitted to prove by his grandfather, against the objection of the defendants. The ground of such objection is that such parol testimony was not admissible by reason of sec. 4069, R. S. That section precludes " a person from, through, or under whom a party derives his interest or title " from testifying " in respect to any transaction or communication by him personally with a deceased person, . . . in any civil action or proceeding in which the opposite party derives his title or sustains his liability to the cause of action from, through, or under such deceased person." It is true that the plaintiff derived whatever equitable right, title, or interest he may have had in the lands from and under his deceased father and through the witness; but it is equally true that the defendants, as the opposite parties, do not derive their title or sustain their liability " to the cause of action from, through, or under such deceased person." The defendants claim title by, virtue of a tax deed adversely to the original owner, and hence the testimony in question does not come within the prohibition of the section.

2. It is true that sec. 2302, R. S., provides that " no estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered, or declared unless by act or operation of law, or by deed or conveyance in writing, subscribed," etc.; but that did not make such parol trust absolutely void, but, at most, voidable at the election of the grandfather. *Karr v. Washburn,* 56 Wis. 303; *Main v. Bosworth,* 77 Wis. 664; *Randall v. Constans,* 33 Minn. 334. Such voidable and executed parol trust has frequently been sustained as against the creditors of the trustee. *Hyde*

*v. Chapman*, 33 Wis. 391; *First Nat. Bank v. Bertschy*, 52 Wis. 439; *Bancroft v. Curtis*, 108 Mass. 47; *Schreyer v. Scott*, 134 U. S. 405.

Thus it appears that the plaintiff had an equitable interest in and right to the lands in question from the death of his father down to the time of the recording of the tax deeds, subject to be defeated only by a breach of such trust on the part of his grandfather.

3. Such equitable title of the plaintiff to the lands gave him the legal right to redeem the same from said tax sale at any time during his minority and one year thereafter. Sec. 1166, R. S. This has been repeatedly held by this court. *Jones v. Collins*, 16 Wis. 595; *Karr v. Washburn*, 56 Wis. 303; *Tucker v. Whittlesey*, 74 Wis. 82. The statutes authorizing the original owner to redeem from tax sales are to be liberally construed. *Lander v. Bromley*, 79 Wis. 378; *Barrett v. Holmes*, 102 U. S. 657. It follows that the redemption from the tax sale by the plaintiff after he had acquired the legal title to the lands by deed from his grandfather was effectual and extinguished any and all right of the defendants to the same.

*By the Court.*— The judgment of the circuit court is affirmed.