SCHUMACHER, Appellant, vs. DRAEGER and others, Respondents.

*January 9—January 26. 1909.*

*Appeal and error: Review: Equity: Admission of evidence: Deeds: Action to set aside: Burden of proof: Descent and distribution: Rights of expectant heirs: Delivery of deed: Evidence: Findings: Trusts and trustees: Creation: Declaration of trust: Sufficiency: Effect.*

1. In an action in equity error cannot be assigned on the admission, or on the refusal to strike out, evidence, if there is sufficient other evidence to support the judgment.
2. In an action to set aside a deed for fraud or undue influence the burden of proof is upon the plaintiff.
3. The owner of real estate, as against the heir, may convey it to another as a gift without consideration.
4. Evidence that a deed, signed by the grantor on the day of her death, accompanied by directions to her husband to deliver it to the grantee, followed by a manual delivery after the grantor's death, upholds findings that the deed was in fact delivered.
5. A deed of land, absolute in form, to which is annexed a parol trust, void by the provisions of secs. 2302, 2304, Stats. (1898), is not absolutely void, nor voidable at the suit of the heir of the grantor, if the trustee observes the terms and executes the trust itself or executes a written declaration of trust.
6. An answer, verified and filed by the grantee in a deed, in a suit by the heir of the grantor to set the deed aside, admitting the terms and offering to execute a parol trust, is a sufficient written declaration of trust binding upon the grantee and available to the beneficiaries.
7. A conveyance to a trustee to the use of A. for life and thereafter to B., imposing no active duties upon the trustee, is within the calls of sec. 2073, Stats. (1898), and vests an absolute legal estate in A. for life, with remainder to B.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appeal is from a judgment given in a suit in equity.

For the appellant there was a brief by *W. A. Hayes* and *Chas. G. Woolcock,* and oral argument by *Mr. Woolcock.*

Among other references upon the part of the appellant were the following: Secs. 2302, 2304, Stats. (1898); *Krouskop v. Krouskop,* 95 Wis. 296, 70 N. W. 475; *Fairchild v. Rasdall,* 9 Wis. 379; *Duncan v. Duncan,* 111 Wis. 75, 86 N. W. 562; *Bird v. Morrison,* 12 Wis. 138; *Smith v. Putnam,* 107 Wis. 155, 82 N. W. 1077, 83 N. W. 288; *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Kaufer v. Stumpf,* 129 Wis. 476, 109 N. W. 561; sec. 2180, Stats. (1898); *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056.

*C. H. Van Alstine,* guardian *ad litem,* for the respondent Oettinger.

For the other respondents there was a brief by *Houghton & Neelen,* and oral argument by *F. W. Houghton.*

Among other references upon the part of the respondents were the following: *Begole v. Hazzard,* 81 Wis. 274, 51 N. W. 325; *Whiting v. Gould,* 2 Wis. 552; secs. 2071, 2073, 2075, Stats. (1898); *Tyson v. Tyson,* 96 Wis. 59, 71 N. W. 94; *Loring v. Palmer,* 118 U. S. 321, 6 Sup. Ct. 1073; *Tyson v. Richardson,* 103 Wis. 397, 79 N. W. 439; *Schreyer v. Scott,* 134 U. S. 405, 10 Sup. Ct. 579; *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890.

TIMLIN, J.   Louisa Meister died intestate at Milwaukee, Wisconsin, November 4, 1905, and left her surviving her husband, *August Meister,* and the plaintiff, her daughter by a former marriage.   The plaintiff had one child, who is the infant defendant *Eugene Oettinger.*   On the day of her death Louisa Meister conveyed her property, consisting of a house and lot, by absolute deed to the defendant *Henrietta Draeger.*   The deed was afterwards recorded.   The plaintiff, as heir at law, brought this action to set aside the deed, averring lack of capacity and undue influence and entire absence of consideration for the conveyance.   The defendant *Henrietta Draeger* answered, admitting the execution of the deed and some other matters, but interposing a general denial against

the averment of incapacity and undue influence, and then pleaded affirmatively as follows:

"And said defendant alleges that several weeks prior to the death of the said Louisa Meister she informed the defendant that prior to her death she should make and execute a deed of her real estate and homestead to this defendant, and that she wished this defendant to accept such deed and hold such real estate in trust for her during the life of *August Meister,* one of the defendants in this action, and after the decease of the said *August Meister* to make a deed of such real estate to her grandson, *Eugene Oettinger,* the son of said plaintiff, and that she wished this defendant to allow her husband, *August Meister,* one of the defendants in this action, after the decease of said Louisa Meister, to have the use and occupation of said premises during his life, and that upon his decease this defendant should then convey said real estate to the said *Eugene Oettinger,* the son of the plaintiff in this action; that this defendant then and there advised said Louisa Meister that it would be better for her to make a will, but that if she made the deed to her in the way she had suggested she would hold such property in trust for the use and benefit of *August Meister,* her husband, during his life, and after his death would convey the same to her said grandson, *Eugene Oettinger.* And this defendant now comes into court and admits of record that she holds the title of such real estate subject to such agreement, which she here offers and is willing to carry out, either at the time of the decease of said *August Meister,* or convey such property at the present time to the said *Eugene Oettinger,* son of said plaintiff, and grandson of said Louisa Meister, deceased, with a life lease to the said defendant *August Meister.*"

The defendant *August Meister* answered, and the infant *Eugene Oettinger,* by his guardian *ad litem,* submitted his rights and interests in the matters in question to the care and protection of the court. Evidence showed that the deceased was about seventy years of age, illiterate, and in ill health; that *Henrietta Draeger* was a widow about fifty-seven years of age, crippled with rheumatism, generally confined to her house by this sickness, to a considerable degree

incapable mentally of understanding or transacting business or testifying intelligently, but that she was a friend of Louisa Meister, and had, prior to the execution of the deed, promised Louisa Meister substantially as averred in the answer above quoted. It was also made to appear that immediately after the execution of the deed Louisa Meister directed her husband to take it over and give it to *Mrs. Draeger,* but he delayed doing so until after the death of Louisa Meister. The plaintiff, *Augusta Schumacher,* married her present husband on or about November 23, 1905.

These facts were found by the circuit court, and also that the plaintiff was addicted to strong drink, by reason of which there existed, at the time of the death of Louisa Meister, an estrangement between her and the plaintiff, and that the deed was made as indicated in the answer of *Henrietta Draeger,* and that there was no fraud or undue influence practiced upon said Louisa Meister. And as conclusions of law, that certain defendants were entitled to judgment dismissing the complaint as to them, and that the defendants *Henrietta Draeger, August Meister,* and *Eugene Oettinger* by C. H. Van Alstine, his guardian *ad litem,* were entitled to judgment dismissing the complaint without costs and to a decree declaring that the deed of conveyance of Louisa Meister above mentioned was a trust deed, and that the said *Henrietta Draeger* is the trustee under such deed and holds the title of the real estate in question as such trustee for the use and benefit of *August Meister* during his life, and after his death for the use and benefit of *Eugene Oettinger* and his heirs forever, and that within thirty days of the date of the entry of such decree the said *Draeger* should make and execute a good and sufficient deed of conveyance to the said *August Meister* of a life estate in said real estate, with remainder over to *Eugene Oettinger* and to his heirs forever, and that in case of the failure, for any cause whatsoever, of the said *Henrietta Draeger* to execute such deed within said

thirty days, the title of the said real estate be divested from *Henrietta Draeger* and vested in *August Meister* for life, with remainder over to *Eugene Oettinger* and his heirs forever. The real estate in question was properly described in said decree.

Error is assigned (1) in denying plaintiff's motion for judgment on the pleadings; (2) in the admission of incompetent testimony; (3) in denying plaintiff's motion to strike out incompetent testimony; (4) in denying plaintiff's motion to amend the complaint to conform to the proof by alleging that there was no delivery of the deed in question; and (5) in the findings of fact, conclusions of law, and judgment thereon. This being a suit in equity, error cannot be assigned upon the admission of, or the refusal to strike out, evidence so long as there is other evidence to support the judgment.

The findings of the circuit court to the effect that there was neither fraud nor undue influence practiced upon Louisa Meister are well supported. The burden of proof to establish these averments rested upon the plaintiff and the plaintiff produced no evidence to support these charges. Under such circumstances, the real estate in question belonging to Louisa Meister, she might, as against the plaintiff, her heir at law, convey it by deed to *Henrietta Draeger* or to any other person as a gift without consideration. *Croft v. Bunster,* 9 Wis. 503; *Carey v. Dyer,* 97 Wis. 554, 73 N. W. 29; *Warder v. Baker,* 54 Wis. 49, 11 N. W. 342; *Kuener v. Smith,* 108 Wis. 549, 84 N. W. 850; 13 Cyc. 529, 530. This closed out the plaintiff's right to attack the conveyance of her mother, unless the conveyance did not go into effect for want of delivery or was void because of the parol trust in pursuance of which the deed was executed. The plaintiff's motion for judgment on the pleadings seems to indicate some such belief on her part. No question is made and no argument presented with respect to the validity of this deed as a

tostamentary disposition of property under secs. 2227 and 2228, Stats. (1898).

On the question of delivery *August Meister* testified:

"At the time this deed was drawn my wife said that the deed would have to be taken to the register of deeds. Nothing else was said that I know of. . . . After the deed was signed it remained right there in the house, because she died shortly after, and it remained there. It may have remained there a day or so, and then it was sent to *Mrs. Draeger's*. I took it over because I was told to—my wife and *Mr. Grootemaat* told me to. My wife told me that different times before, and at the same time the deed was made. I saw my wife put her mark upon the deed. It remained on the table where she signed it. She died, and the deed remained on the table, and after that I possibly took it myself off the table; I don't remember that. I saw the witness sign the deed."

*Mr. Grootemaat* testified:

"I gave her the deed, and I think she turned it over to her husband, and told him to deliver it the next day to this lady friend of hers. ·'Take it over there and have her take charge of it.' I remember that was the conversation."

The testimony of *Henrietta Draeger* was very confused and unsatisfactory, and she did not appear to know who delivered the deed to her. But the deed was executed on November 4th, and recorded on November 6th at 8:30 a. m., and on this evidence the court below found that *August Meister* did, on or about the 6th day of November, 1905, deliver this deed to *Henrietta Draeger,* and that Louisa Meister in her lifetime delivered this deed to *August Meister,* and directed him to deliver this deed to *Henrietta Draeger* at once after the death of Louisa Meister. The case is rather close on the question of delivery, but there seems to be sufficient to bring it within the rule of *Wells v. Wells,* 132 Wis. 73, 111 N. W. 1111, and sufficient evidence to uphold the finding of the circuit court that the deed was in fact delivered.

Appellant cites secs. 2302 and 2304, Stats. (1898), for the

purpose of showing that the trust agreement was void be-
cause not in writing, deducing from that proposition that
there was no consideration for the deed and hence that the
deed was invalid. We cannot assent to the last conclusion.
The parol trust attempted to be annexed by Louisa Meister
and *Henrietta Draeger* to the absolute deed of conveyance in
question was probably void and unenforceable in its incep-
tion and at the time of the commencement of this action, but
that did not render the deed absolutely void, nor voidable at
the suit of an heir at law of the grantor, who had no other
interest in the land and was not a beneficiary under the in-
valid trust, because, notwithstanding the trust was not evi-
denced in writing as required by law, the trustee, *Draeger,*
might observe its terms and execute the trust itself or exe-
cute a declaration of trust in writing thereafter. *Karr v.
Washburn,* 56 Wis. 303, 14 N. W. 189. When *Mrs. Draeger*
verified and filed her answer containing the paragraph quoted
in this opinion she executed in writing a declaration of trust
binding upon her and available to the beneficiaries of that
trust. *Main v. Bosworth,* 77 Wis. 660, 46 N. W. 1043;
*Lynch v. Ryan,* 132 Wis. 271, 111 N. W. 707, 112 N. W.
427; 3 Pom. Eq. Jur. (3d ed.) § 1007; *Patton v. Chamber-
lain,* 44 Mich. 5, 5 N. W. 1037; *Robbins v. Butler,* 24 Ill.
387; *White v. Ross,* 160 Ill. 56, 69, 43 N. E. 336; 28 Am. &
Eng. Ency. of Law (2d ed.) 877, and cases cited in note 2.
The trust thus created and declared was in effect a convey-
ance to the defendant *Draeger* to the use of *August Meister*
for life, and after his death to the use of *Eugene Oettinger.*
No active duties were imposed upon the trustee. Conse-
quently the transaction was covered by the provisions of
sec. 2073, Stats. (1898), as interpreted in *Sullivan v. Bruh-
ling,* 66 Wis. 472, 29 N. W. 211. The effect under this
statute was to vest an absolute legal estate in *August Meister*
for life, with remainder to *Eugene Oettinger,* and the judg-
ment of the circuit court requiring a conveyance of this kind

from the trustee, or in default thereof vesting the legal title as aforesaid, was in harmony with this statute and in conformity to law. It follows that the judgment appealed from must be affirmed.

*By the Court.*—Judgment affirmed.