CORRY, Appellant, vs. SHEA, imp., Respondent.

*October 28—December 6, 1910.*

*Tax sales: Time for redemption: Fraudulent conveyance to infant:
Statutes construed: Creditors "or other persons."*

1. If lands are conveyed to an infant after being sold for taxes and
   after the time for redemption has begun to run against the
   adult grantor, such time is extended, under sec. 1166, Stats.
   (1898), so that the infant may redeem at any time before com-
   ing of age or during one year thereafter.
2. But if such conveyance is made without consideration and for
   the purpose of enlarging the time for redemption, it is void as
   against the holder of the tax certificate, under sec. 2320, Stats.
   (1898), which declares void every conveyance "made with the
   intent to hinder, delay or defraud creditors *or other persons* of
   their lawful actions," etc.

APPEAL from an order of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge.   *Reversed.*

The appeal is from an order sustaining a general demurrer
to the complaint.

For the appellant there was a brief signed by *Sanborn,
Lamoreux & Pray,* and oral argument by *A. W. Sanborn.*
Among other authorities they cited *Jones v. Jones,* 64 Wis.
301, 25 N. W. 218; *Pierstoff v. Jorges,* 86 Wis. 128, 56 N.
W. 735; *Fallass v. Pierce,* 30 Wis. 443.

*William F. Shea,* respondent, *in pro. per.,* cited *Metzger v.
Hochrein,* 107 Wis. 267, 83 N. W. 308; *Sullivan v. Collins,*
107 Wis. 291, 83 N. W. 310; *Madden v. Kinney,* 116 Wis.
561, 93 N. W. 535; and other cases.

TIMLIN, J.   The complaint averred that the above named
respondent was the owner of certain described lots and inten-
tionally failed to pay the taxes thereon, whereupon the lots
were sold at tax sale to the county of Ashland in the years
1905, 1906, 1907, and 1908 and tax certificates issued.   The

plaintiff purchased the first tax certificates on December 22, 1905, and on May 7, 1908, the respondent, with intent to hinder and delay the foreclosure of these tax certificates, conveyed the lots in question without consideration to his infant son.     Prayer that the deed of May 7, 1908, be set aside and declared void.

Sec. 1166, Stats. (1898), provides that the lands of minors, or any interest they may have in lands sold for taxes, may be redeemed from tax sale at any time before such minors come of age and during one year thereafter.     Persons under no legal disability have three years from sale and until the tax deed is recorded within which to redeem.     The tax-sale certificate is a lien against the land, but no debt or personal charge against the owner of the land.     The holder of a tax-sale certificate may, after the expiration of three years from the sale, either foreclose his tax certificate or apply to the county clerk for a tax deed thereon.     Had the rule applicable to the statute of limitations been followed by this court in the construction of sec. 1166, *supra,* the period of redemption could not be prolonged after the statute had once begun to run against the adult owner by his conveyance of the land to an infant.     The prior lien holder could not be hindered by the conveyance to the infant in such case.     To such a case the rule of *Hodson v. Treat,* 7 Wis. 263, would apply.     But this construction was not given to the statute.

In *Jones v. Collins,* 16 Wis. 594, it was expressly ruled that lands which descended to infants after the lands had been sold for taxes might be redeemed by the infants at any time before they came of age or during one year thereafter.     In *Tucker v. Whittlesey,* 74 Wis. 74, 41 N. W. 535, 42 N. W. 101, where it appeared that the ancestor died March 23, 1876, the infant plaintiffs were allowed to redeem from the tax sale of 1874 on which deed was issued December 11, 1877, the tax sale of May, 1875, on which deed was issued May 13, 1878, and the tax sale of May, 1875, on which tax deed was issued

March 6, 1880. All deeds were upon sales made before the death of Tucker, and the limitation of his right to redeem had begun to run against him prior to his death. *Karr v. Washburn,* 56 Wis. 303, 14 N. W. 189, might perhaps be distinguished on the ground that at the time of the sale the infants had an equitable interest in the land unenforceable because of the statute of frauds; but the tax-title holder could not take advantage of this. In *Begole v. Hazzard,* 81 Wis. 274, 51 N. W. 325, the ancestor died and created the parol trust for his children in March, 1877. The children were allowed to redeem from the tax sale of 1874 upon which a deed had been issued in 1878. These cases are cited in *Hoffman v. Peterson,* 123 Wis. 632, 102 N. W. 47, where, however, the infant owned the land at the time of the sale but subsequently conveyed it by warranty deed, and within the year succeeding his majority was allowed to redeem. In *Menasha W. W. Co. v. Harmon,* 128 Wis. 177, 107 N. W. 299, the question was presented in a brief filed, but the court in disposing of the case did not reach it. *Swearingen v. Robertson,* 39 Wis. 462, includes both sheriff's deed and tax deed and applies the ordinary rule, but I do not find that it was since cited or followed. The brief of Hastings & Greene in *Karr v. Washburn, supra,* cited *Swearingen v. Robertson, supra,* to the proposition that the statute of limitations having begun to run against the ancestor would continue to run against the heirs notwithstanding the minority of the latter. But the court did not in that case adopt this view.

In none of the cases, so far as we can discover, was the right of the infants to redeem challenged by pleading on the ground that the conveyance to them was made with intent to hinder, delay, or defraud the tax-certificate holder. If no statute forbade a transfer for the purpose and with the intent of extending the period of redemption from a tax sale, it is probable that in the exercise of the *jus disponendi* the defendant might lawfully do so. He did not owe the tax-title purchaser

the duty owing in equity to a creditor, sometimes expressed as the duty to be just before he is generous. Speaking of a voluntary assignment by an insolvent debtor for the benefit of creditors in which a portion of the creditors was preferred, it was said:

"In the absence of any statute to the contrary, there can be no question but that an insolvent debtor may pay one creditor in money or property in preference to another. *Spring v. South Carolina Ins. Co.* 8 Wheat. 268. This right of the debtor to prefer results from the absolute ownership of property. *Brashear v. West,* 7 Pet. 608. This absolute ownership implies the absolute right of disposition. In the absence of the bankrupt law or any other statute to the contrary, there can be no doubt but that an insolvent debtor, when assigning his property for the benefit of his creditors, may, in good faith, prefer one or more to others." *Lord v. Devendorf,* 54 Wis. 491, 11 N. W. 903; *Landauer v. Vietor,* 69 Wis. 434, 34 N. W. 229.

The question in the case at bar, therefore, is whether the conveyance comes within the purview of sec. 2320, Stats. (1898), which is substantially the ancient English statute against fraudulent conveyances generally adopted and in force in the several states.

"Every conveyance . . . made with the intent to hinder, delay or defraud creditors or other persons of their lawful actions, damages, forfeitures, debts or demands; . . . as against the person so hindered, delayed or defrauded, shall be void."

The appellant in this action is not a creditor of the respondent. No doubt the words "other persons" in this statute, by a familiar rule of construction, mean other persons of the same general class having rights of action which may be hindered or delayed by a conveyance. 26 Am. & Eng. Ency. of Law (2d ed.) 609, *Ejusdem generis.* Dicta in several cases may be found to the effect that the relation of creditor in such case must be established. *Jones v. Lake,* 2 Wis. 210; *Eaton v. White,* 2 Wis. 292; *Remington v. Bailey,* 13 Wis. 332;

*Zahl v. Billings,* 118 Wis. 459, 95 N. W. 374; *Ellis v. South-western L. Co.* 108 Wis. 313, 84 N. W. 417. But in all these cases the attacking party rested upon his right as creditor, and none of them involved an interpretation of the words "other persons" found in this statute. In *Wilcox v. Fitch,* 20 Johns. 472, a person having a right of action in ejectment, with a claim to recover mesne profits, was held competent to attack a conveyance as fraudulent; in *Stimson v. Wrigley,* 86 N. Y. 332, a city after a tax warrant was levied to collect taxes; in *Berge v. Kittleson,* 133 Wis. 664, 114 N. W. 125, one having a claim for unliquidated damages for breach of promise to marry; in *Pierstoff v. Jorges,* 86 Wis. 128, 56 N. W. 735, the complaining witness in a bastardy proceeding before judgment recovered; in *Jones v. Jones,* 64 Wis. 301, 25 N. W. 218; *S. C.* 71 Wis. 513, 38 N. W. 88, a prospective wife with reference to her right of dower. See, also, *Walradt v. Brown,* 6 Ill. 397.

"It is a mistake to suppose that the statute of Elizabeth only avoids deeds and conveyances coming within its exact provisions as to creditors. The statute is much broader in its operation. It enacts that every conveyance made to the end, purpose, and intent to delay, hinder, or defraud creditors *and others* of their just and lawful actions, etc., shall be void. 'It extends not only to creditors, but to *all others* who have cause of action or suit, or any penalty or forfeiture;' and, as elsewhere shown, embraces claims for slander, trespass, and other torts. The claimant may not come within a sharply defined meaning of the word 'creditor,' but he may maintain his standing 'in the equity of creditors.' " Wait, Fraud. Conv. (3d ed.) § 110 and cases cited.

We are referred to no authority in conflict with these and asked to support the decision below on the ground that the owner of real estate has the absolute power of disposition and his motive in making the conveyance in question is immaterial. We are unable to do so in the face of this statute and the construction already given it. The legal effect of the voluntary

conveyance to the infant being to hinder and delay the tax-certificate holder in his suit to foreclose the tax certificate, and the complaint demurred to averring that the conveyance was made without consideration and for that purpose and with that intent, it follows that the complaint states a cause of action for the avoidance of the conveyance, and that the demurrer was improperly sustained.

*By the Court.*—Order reversed, and the cause remanded for further proceedings according to law.

BARNES, J., took no part.