DONAHUE, Appellant, vs. KEAVENY and another, Respondents.

*September 20—October 16, 1923.*

*Trusts: Real property: Parol agreement of grantee to reconvey: Gifts: Unexecuted or in parol.*

1. A finding based on sufficient evidence cannot be disturbed.
2. A parol agreement to reconvey lands to a grantor amounts to no more than a parol trust, and is not enforceable against the grantee, under sec. 2302, Stats.
3. The suggestion of a father, to whom his son had conveyed land, that the son procure the preparation of a deed reconveying the property to the son, to be executed by the father, was merely an unenforceable promise to make a gift, revocable at will until executed.
4. A parol gift of land is void under the statute in the absence of conditions taking the transaction out of the statute, such as the taking of possession in pursuance of the gift or the making of valuable improvements.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The plaintiff, *Thomas Donahue,* is fifty-two years of age, a bachelor, brother of defendant *Mary Keaveny* and son of defendant *Dennis Donahue.* On the 6th day of December, 1912, the defendant *Dennis* deeded to the plaintiff a house and lot in the city of Portage without consideration save natural love and affection. The deed reserved to *Dennis* a

life estate in the premises. The father and son lived together for the most part on the premises until about March 8, 1915. At about that time the plaintiff had decided to go to the county poor house for a surgical operation. Fearing that he might not survive the operation, on the 8th day of March, 1915, he deeded the premises in question back to his father. The deed contained no reservations, conditions, or trust agreement. He survived the operation and in due time returned to the premises, where he and his father continued to reside together. On numerous occasions the father suggested that he procure the preparation of a deed reconveying the premises. Plaintiff did procure the instrument to be drafted but never presented the same to the father for execution. The father was feeble and sickly and, for his better if not necessary care, he went to live with his daughter and codefendant, *Mrs. Keaveny,* in March, 1920. In April, 1920, he deeded the premises in question to *Mrs. Keaveny.* Plaintiff brought this action to have said conveyance canceled and set aside.

Upon the foregoing facts the trial court found, as conclusions of law, that the conveyance from father to son originally was a gift fully executed; that the father's direction to the son to have a reconveyance back to himself drawn up was at most no more than a promise to make a gift, revocable at will until executed, and not enforceable; that no trust was created by the deed or transaction between father and son because no trust was declared in writing as required by sec. 2302, Stats., and any trust intended, if such there was, was voidable by the father and unenforceable against him, and of no force or effect whatever unless and until executed by him; and the direction to have a deed drawn was not an execution of a trust, if any was intended.

From a judgment entered dismissing plaintiff's complaint this appeal was taken.

*Henry A. Gunderson* of Portage, for the appellant.
*John J. O'Keefe* of Portage, for the respondents.

OWEN, J. It is not easy for us to understand the theory upon which this action is prosecuted. Some contention is made that the father was mentally incompetent at the time he executed the deed to *Mrs. Keaveny.* Conceding that the plaintiff may raise this question, the court found against the contention, which finding is clearly based upon sufficient evidence and cannot be disturbed. If there was any agreement on the part of the father to reconvey at the time plaintiff conveyed to him the premises on March 8, 1915, it was not reduced to writing, and amounts to no more than a parol trust, which cannot be enforced against the father. Sec. 2302, Stats.; *Fairchild v. Rasdall,* 9 Wis. 379; *Karr v. Washburn,* 56 Wis. 303, 14 N. W. 189; *Main v. Bosworth,* 77 Wis. 660, 46 N. W. 1043; *Begole v. Hazzard,* 81 Wis. 274, 51 N. W. 325.

The suggestion of the father that the son procure the preparation of a reconveyance to be executed by the father was, as held by the trial court, no more than a promise to make a gift, revocable at will until executed, and not enforceable. Even though there was a parol gift it was void under the statute of frauds, and none of the conditions necessary to rescue the transaction from the effect of the statute, such as taking possession in pursuance of the gift and the making of improvements of a valuable and permanent character induced by the promise to give the land, exist. A most diligent consideration reveals no theory upon which plaintiff is entitled to relief, and the judgment must be affirmed.

*By the Court.*—So ordered.