MARSHALL, Appellant, vs. MARSHALL and another, Respondents.

*February 6—March 7, 1939.*

506

For the appellant there were briefs by *Larrabee & Larrabee* of Chippewa Falls, and oral argument by *Orrin H. Larrabee.*

For the respondent Frances Marshall there were briefs by *Wiley & Wiley* of Chippewa Falls, and oral argument by *Marshall Wiley.*

WICKHEM, J. Upon the death of their mother, plaintiff and defendant Alfred Marshall inherited an undivided one-half interest in certain lake property. On February 17, 1934, the two met in Chicago to discuss means of paying plaintiff's

bills for the reason that his creditors were then pressing him. As a result of the meeting it was agreed that plaintiff should execute a deed to his one-half interest of the lake property to Alfred. No consideration was paid for this deed. There was a dispute whether this deed was for the purpose of obtaining credit from the brother to enable plaintiff to pay his debts or whether it was made to hinder, delay, and defraud creditors. Plaintiff concedes that the evidence is in such state that the conclusions of the trial court that this was not a mortgage arrangement must be sustained. His contention upon this appeal is based upon the assumption that the deed in question was a fraudulent conveyance, as contended by defendant. Shortly put, the contention is that having received a fraudulent conveyance from his brother, defendant Alfred Marshall was under a moral duty to reconvey and to restore the transaction to its original status; that having done so by his deed of May, 1937, the reconveyance cannot be held fraudulent as against Alfred's creditors. Plaintiff cites several decisions of this court which he claims support his contention. In *Karr v. Washburn,* 56 Wis. 303, 14 N. W. 189, plaintiffs were *cestuis* under a parol trust void because not in writing. The trustee conveyed the premises to the *cestuis* in fulfilment of the trust. The defendants were grantees in a tax deed which was still subject to redemption. The court held that while the trustee had no enforceable duty to convey, he was bound in conscience to make the conveyance, and that having done so, the court will sustain the transaction against objection of his creditors. See also *Main v. Bosworth,* 77 Wis. 660, 46 N. W. 1043; *Goodell v. Blumer,* 41 Wis. 436; *Begole v. Hazzard,* 81 Wis. 274, 51 N. W. 325; *Martin v. Remington,* 100 Wis. 540, 76 N. W. 614; *Harvey v. Harvey,* 202 Wis. 553, 231 N. W. 580; *Fargo v. Ladd,* 6 Wis. *106. It is also held in *Fargo v. Ladd, supra,* that,—

"Where the grantee of property under a transfer or conveyance made in fraud of creditors, voluntarily reconveys

the same to grantor, or disposes of it according to his request, he cannot afterward set up a valid claim to the property or the proceeds thereof, on the ground of the original, ·fraudulent conveyance."

Plaintiff also relies upon a statement in 27 C. J. p. 658, § 429, to the effect that if a fraudulent grantee makes a reconveyance "in fulfilment of his moral obligation" his creditors cannot complain because they have no legal right to ask him to hold property to which he has no moral right. The case of *First National Bank of Appleton v. Bertschy*, 52 Wis. 438, 9 N. W. 534, is cited as supporting the text. It is well established that while a conveyance for the purpose of hindering, delaying, and defrauding creditors is void as against creditors, it is valid between the parties and conveys good title to the grantee as against the grantor. Thus, the transaction appears to be quite analogous to the trust cases, and this accounts for the rule that a fraudulent grantee is under a moral duty to reconvey; that a reconveyance in execution of this duty should be favorably regarded in equity as a conscientious effort to reinstate the original status, and that creditors of the fraudulent grantee have no ground of complaint because they have no right to ask him to hold property to which he has no moral right. However, while it is unnecessary to decide the point here, it would seem to be true that for the rule to operate the reconveyance must have been a conscientious effort to discharge a moral duty and to right a wrong, and that the rule ought not to apply if the reconveyance is merely a device to defraud the creditors of the original grantee. In other words, the event ought to abide an examination of the facts and circumstances to see whether the matter is one of response to a moral obligation or only a new fraud. See Glenn, Fraudulent Conveyances, p. 172, § 124, and *Chapin v. Pease*, 10 Conn. 69, 25 Am. Dec. 56. The reason why more need not be said upon the

subject is that the matter was not in issue under the pleadings and was not tried below. The appearance of novelty and difficulty is given to the case by the allegations in the answer, (1) that since the commencement of the action a reconveyance has taken place; and (2) that the original deed was one in fraud of creditors. These allegations, however, were set up not as a counterclaim but as purely defensive matter. This being true, they simply amounted to argumentative denials of the allegation of the complaint that the original deed was a mortgage. Defendant having established this, plaintiff's complaint was disproved, and since it was never amended to allege the reconveyance and to ask for relief upon that ground, it must be dismissed. Further than this, the answer being so limited and not being set up as a counterclaim, defendant was not entitled to any relief other than a dismissal of plaintiff's complaint. *Rood v. Taft,* 94 Wis. 380, 69 N. W. 183; *Morgan v. Hayes,* 98 Wis. 313, 73 N. W. 786; *Rowell v. Rhadans,* 171 Wis. 86, 175 N. W. 937. Hence, it was not proper to give defendant affirmative relief by establishing her lien as superior to plaintiff's rights upon the reconveyance. Wholly apart from any question of the issues under the pleadings, her rights depended upon establishing that the reconveyance under the circumstances was fraudulent as to her. An examination of the record discloses that this issue was not tried nor were there any findings of fact disposing of it. It follows that the judgment must be modified in such a way as to limit its effect to the dismissal of plaintiff's complaint, and defendant must be left to such other action as may be proper under the circumstances to establish any claims she may have as against the reconveyance.

*By the Court.*—Judgment modified as indicated in the opinion and, as so modified, is affirmed. Respondents to have costs upon this appeal.