BOARD OF TRUSTEES M. E. CHURCH SOUTH *v.* CHARLES S.
ODOM.

[56 South. 314.]

1. TRUST. *Creation. Acknowledgment of delivery. Code 1906, section
4780. Code 1892, section 4230. Quieting title.*

Under Code 1906, section 4780 (Code 1892, section 4230), so pro-
viding every writing, declaring or creating a trust in land must
be acknowledged as other writings, and lodged with the clerk
of the chancery court of the proper county for record and shall
take effect from the time it is so lodged for record. If such an
instrument is not properly acknowledged, it cannot be recorded
and such attempted trust has no effect.

2. QUIETING TITLE. *Right of action.*

Where a trust attempted to be created fails because the deed
creating the same was not properly acknowledged, the trustees
are not entitled to maintain a suit to remove clouds from their
title on the ground that the conveyance to them became absolute
upon failure of the trust.

APPEAL from the chancery court of DeSoto county.
HON. I. T. BLOUNT, Chancellor.

Suit by the board of trustees of the M. E. Church South
against Charles S. Odom. · From a decree dismissing the
bill, complainant appeals.

The facts are as follows:

The appellant was complainant in the court below, and
the appellee was the defendant. The complainant filed a
bill in chancery to remove as a cloud upon its title the
claim asserted by the defendant, the only heir at law and
residuary legatee of Mrs. Mary A. Stuart, deceased. The
bill alleged that Mrs. Stuart, in her lifetime, had exe-
cuted a conveyance (subject to her life estate) to the
complainant of a quarter section of land "to be used as
a perpetual benefit in behalf of orphans and worthy
needy young preachers of said church;" the trustees be

ing authorized to apply one-half of the income of said estate to each of said purposes. The bill further alleged that a claim to said land was asserted by defendant, and prayed a cancellation of defendant's claim as a cloud, and that the complainant be adjudged the real owner for the purpose set forth in its deed from Mrs. Stuart, and that, in case the court found the acknowledgment to said deed defective, complainant be permitted to introduce proof to show the purpose of Mrs. Stuart in executing said conveyance. The defendant denies that complainant has any title, because of the defective acknowledgment of the deed, which is in the following words: "Personally appeared before me, the undersigned mayor and ex off. J. P., M. A. Stuart, who acknowledges that she signed the above instrument as her acts and deed." Defendant avers that acknowledgment of delivery was omitted, makes it defective, and consequently the instrument is not recordable, and that, since the instrument seeks to create a trust, all the provisions of the statute (section 4230, Code of 1892), requiring that same be in writing, duly signed, acknowledged, and recorded, must be complied with. The court declined to permit complainant to introduce proof in aid of the conveyance, and entered a decree dismissing the bill, from which this appeal comes.

*Holmes & Holmes,* for appellants.

The grantor in the deed was ignorant of the law and merely requested that her acknowledgment be taken. The officer failed to certify "delivery," but he did certify that she acknowledged signing the instrument as her act and deed. If she acknowledged signing it as her deed, delivery is necessarily involved in the instrument if it is a deed. In the cases cited by counsel the certificate of the officer did not state that the grantor acknowledged the instrument as a deed.

*Declarations or creations of trust.* The first clause of section 4230, of the Code of 1892, says that an instrument creating or declaring a trust shall be made and manifested by writing, signed by the party who declares or creates such trust, or by his last will in writing, or they shall be void. The deed in this case was signed and delivered so that the trust is not utterly void. As between the parties the instrument is perfectly good whether it ever goes on record or not. Since the trustees admit the trust and are now praying that it be recognized and enforced against them it is immaterial whether the instrument is ever recorded or not. The statute merely requires that the instrument shall be proved as other writings. The language of the statute is: "Shall be acknowledged or proved as other writings."

If the trust had been created by will it certainly could not have been acknowledged. On page 7 of counsel's brief he says: "It seems to us that the appellants are seeking to enforce the trust against Mrs. Stuart and her devisee."

Appellants are not seeking to enforce any trust at all against Mrs. Stuart and her devisee, they are merely seeking to enforce a deed, which Mrs. Stuart made against her devisee or heir. Appellants are not trying to enforce a trust against anybody, but on the contrary they come into court and admit the trust in themselves. Appellants admit that they are trying to cancel the claim of appellee as a cloud upon their title, and they submit that the lower court committed error when the court dismissed complainant's bill.

Appellee says in his brief on page 8: "Mrs. Stuart believed that she was entitled to have the land re-conveyed to her on demand."

What she may have believed about the transfer is not now material; she also believed her acknowledgment was properly taken. Appellee is not asking for affirmative relief, he is "standing pat" upon the statute quoted

above. If Mrs. Stuart understood that the land was to be deeded back to her, we ask why she did not pursue her appropriate remedy many years before she died, instead of respecting the deed in life and in death? But, as said before, what Mrs. Stuart may have believed about the matter is of no importance in this controversy now.

Mrs. Stuart by her deed, by her letters, by her repeated admissions and by her will has led the board of trustees to assume the duties and responsibilities of this worthy trust. They have filed their bill of complaint, and, following the advice of counsel, are now in court seeking to cancel the claim of appellee, and we submit that appellee is estopped as the heir or devisee of Mrs. Stuart to assail this, her deed, which she signed and delivered of her own free will and accord and which she did her best to have properly acknowledged.

We, therefore, respectfully submit that the cause should be reversed and a decree cancelling appellee's claim and restoring the possession of the land to the board of trustees, and for such other relief as to the court may seem meet and proper.

*Calvin Perkins,* for appellee.

The defect in the acknowledgment is that it does not show delivery of the instrument.

The language of the certificate is, "Who acknowledges that she signed the above as her act and deed." ·

The grantor does not acknowledge that she executed the instrument as her "act and deed" but that she signed it as her "act and deed." This is clearly insufficient. *Robinson* v. *Noel,* 49 Miss. 257; *Buntyn* v. *Shippers,* 63 Miss. 94; *Elmslie* v. *Thurmond,* 87 Miss. 540.

Section 4230 of the Code of 1892 is as follows:

"Hereafter all declarations or creations of trusts or confidences of or in any land, shall be made and manifested by writing, signed by the party who declares or creates such trust, or by his last will, in writing, or else

they shall be utterly void; and every writing declaring or creating a trust, shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record; but where any trust shall arise or result, by implication of law, out of the conveyance of land, such trust or confidence shall be of the like force and effect the same would have been if this statute had not been passed.''

Appellee's contention is that the instrument relied upon by appellants as the foundation of their title is invalid by reason of the failure to comply with said section 4230, of the Code of 1892 in this, that the statute requires that creations as well as declarations of trust shall be "acknowledged, or proved as other writings and shall be lodged with the clerk of the chancery court of the proper county to be recorded and shall only take effect from the time that it is so lodged for record.'' There being no valid acknowledgment of the delivery of the instrument in question, it cannot be recorded, and consequently can never take effect.

The Codes of 1857, 1871 and 1880 are the same as the Code of 1892 except that in the Code of 1857 the language is "made and manifested by deed in writing'' and ''every deed declaring or creating a trust.''

Mrs. Stuart was both the legal and equitable owner of the land and by the instrument in question she undertook to convey the legal title and to describe what classes of persons should take the beneficial interest.   It is plain from the whole instrument that neither the trustees nor the church were to take any beneficial interest whatever.   Mrs. Stuart was to be the creator of the trust and if she failed to comply with the statutory requirements in the premises, then no valid trust was ever created.   In *Tierney* v. *Wood*, 19 Bav. 330, it is said a declaration of trust in land must be in writing and signed

by the beneficial owner. To the same effect is *Kronheim* v. *Johnson,* 7 Ch. Div. (L. R.) 60. What beneficial interest have the trustees or the church itself in the trust attempted to be created? Absolutely none! Appellants say that:

"The deed of conveyance may be in one instrument and the declaration or creation of trust in another and if the party against whom it is sought to establish the trust admits the trust, then the statute has no application."

Our answer is that under the Mississippi statute the creation of a trust as much so as the declaration is required to be in writing, acknowledged and recorded. Again the appellants say:

"Who can plead the statute of frauds? Not the grantor against whom we do not seek to enforce any trust?"

It seems to us that the appellants are seeking to enforce the trust against Mrs. Stuart, and her devisee. What right have the appellants to the land except for the purpose of enforcing the trust?

Appellants also claim that Mrs. Stuart, and consequently her devisee, is estopped by her letters and declarations. The obvious answer to this position is that there can be no estoppel in favor of a mere volunteer. The trustees have never changed their position in any manner or to any extent whatever since the signing of the instrument in question by Mrs. Stuart.

WHITFIELD, C.

We have most carefully examined the various briefs filed by the learned counsel for appellant, and the authorities therein cited, and we are unable to see any solid ground on which to rest the contentions of the appellant. The two cases chiefly relied on by appellant as being directly in point are *Schumacker* v. *Draeger,* 137 Wis. 618, 119 N. W. 305, and *Johnston* v. *Jickling,* 141 Iowa, 444, 119 N. W. 746. But both these cases were

cases in which the alleged creator of the trust made to the grantees simply an absolute conveyance, not one syllable being said about a trust in the conveyance. The trust in both cases was a parol trust, to be established by parol evidence dehors the conveyance, and all that the court held in those cases was that in such case, if the grantees wrote out a declaration admitting that they had no beneficial interest, but stood charged with the administration of the trust as proven by parol, and put that deed properly to record, or if they filed a bill admitting the trust, in either case there would be a declaration of trust, and the only declaration of trust in the case in writing duly executed and duly lodged for record, and that this would satisfy the statute. But what application have cases like those to a case like ours, where the only declaration of trust is one made, not by the grantees, but by the grantor, the creator of the trust, and that declaration or creation of trust so manifested and made by the grantor is made and manifested in one way only, to wit, in the deed of conveyance?

In the creation of a trust, as the authorities plainly show, English and American, the creator must make it, and can only make it contemporaneously with the creation of the trust, and that is our case. The grantor in this conveyance has fully, and explicitly, and in detail, made manifest the trust by the language she has used in the conveyance. She attempted to create, or make, or manifest a trust. The grantees here did not create it, or make it, or manifest it. She created this trust in writing, to wit, by the conveyance, and she could only create a valid trust by dealing with the conveyance which declared and manifested the trust in strict conformity with the provisions of section 4780, Code of 1906 (section 4230, Code of 1892), which is as follows: "Hereafter all declarations or creations of trusts or confidence of or in any land shall be made and manifested by writing, signed by the party who declares or creates such trust,

or by his last will, in writing, or else they shall be utterly void; and every writing declaring or creating a trust shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded and shall only take effect from the time it is so lodged for record; but where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force the same would have been if this statute had not been passed." This section expressly declares that "every writing declaring or creating a trust shall be acknowledged or proved, as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record." In other words, the statute expressly declares that, unless the instrument which declares the trust is properly lodged for record, it shall have no effect. This instrument, it is confessed, contained no acknowledgment of delivery, and hence was not entitled to record, from which it inevitably follows that the attempted trust never had any effect.

Counsel for appellant confuse themselves in not apprehending clearly what is perfectly plain—that the deed of conveyance here is not simply a deed of conveyance, but that it expressly, explicitly and in the fullest detail declares and manifests the trust. This is too plain for disputation. Again, we are unable to see any force in the suggestion of counsel that this is not a suit to enforce a trust. The direct and necessary effect of the suit, if successful, would be to enforce a trust manifested and made in writing, but which writing has not been dealt with in the only way which could make the trust effective.                            *Affirmed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the decree of the court below is affirmed.