JONES, Justice.
Mrs. Ruth H. Smith, appellee here, filed suit in the Chancery Court of the Second Judicial District of Bolivar County, Mississippi, seeking to quiet title to certain lots situated in the town of Merigold. The defendants are the trustees named in the purported trust agreement, hereinafter mentioned, together with certain heirs of J. R. Smith, deceased, and a bank in the City of Cleveland, Mississippi.
On July 17, 1961, the said J. R. Smith, also known as James Rogers Smith and James R. Smith, Sr., attempted to execute a trust under the terms of which, “The Grantor, simultaneously with the execution of this agreement, has conveyed, assigned and transferred to the Trustees the real estate situated in Bolivar County, Mississippi, described in Schedule A * * * The Trustees acknowledge receipt of the deed conveying the real estate described in Schedule A to them. * * *” Attached to the said trust instrument and marked as Schedule A was a list of fifteen separate tracts of land, including the property in the town of Merigold.
Also attached as an exhibit to the trust agreement was a copy of a warranty deed executed by the said trustor to the trustees *528 conveying to them eleven tracts of land, but not including the said Merigold property-
This deed was filed for record July 21, 1961. A correction deed was later executed, but it does not affect this suit; since the property sought to be confirmed here was not included therein.
The trustor married the appellee a few days after the said purported trust agreement was made. The trust instrument was not filed for record until the tenth day of August, 1967, several years after the trustor and the appellee had married, and about four months after the death of the trustor.
The property in Merigold was homestead property occupied by the trustor and his wife long before the instrument was lodged for record. On August 14, 1962, the said J. R. Smith, Sr. made a last will and testament under the terms of which he willed and devised to his said wife, the appellee, all the remainder of his property of which he might die seized and possessed of any nature whatsoever, including real, personal, etc.
The question presented here is: Was this a valid trust, and did it include the property sought to be confirmed? We think not for two reasons: (1) While the trust agreement stated that they had executed a deed, copy of which was made Exhibit A, the deed did not include said property; and (2) The said purported trust agreement did not become effective, if ever, until after it was filed for record, which was a number of years after the marriage of the parties, after homestead rights had accrued to Mrs. Smith and after the death of J. R. Smith, Sr.
Section 269, Mississippi Code of 1942 Annotated (1956), reads, in part, as follows :
Hereafter all declarations or creations of trusts or confidence of or in any land shall be made and manifested by writing, signed by the party who declares or creates such trust, or by his last will, in writing, or else they shall be utterly void; and every writing declaring or creating a trust shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record; * * *.
In Board of Trustees of E. M. Church South v. Odom, 100 Miss. 64, 56 So. 314 (1911), Odom was the only heir and residuary legatee of Mrs. Mary A. Stuart, deceased. In her lifetime, Mrs. Stuart had executed a conveyance to appellant of certain lands “to be used as a perpetual benefit in behalf of orphans and worthy needy young preachers of said church.”
It was further alleged that defendant, Odom, claimed said land, and appellant sought to cancel such claim. The acknowledgment of the said deed omitted the word “delivered.” It was claimed that the acknowledgment was thereby defective and the instrument was not recordable, and that since it sought to create a trust as to land, all the provisions of the statute applied. The Court held:
This section expressly declares that “every writing declaring or creating a trust shall be acknowledged or proved, as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record.” In other words, the statute expressly declares that, unless the instrument which declares the trust is properly lodged for record, it shall have no effect. This instrument, it is confessed, contained no acknowledgment of delivery, and hence was not entitled to record, from which it inevitably follows that the attempted trust never had any effect. 100 Miss, at 71, 56 So. at 315.
In Thames v. Holcomb, 230 Miss. 387, 92 So.2d 548 (1957), there was an exchange *529 of letters between brothers, under the terms of which, one was to reconvey to the others certain properties, and when he failed to do so, a trust was sought to be established and enforced. Our Court held that the letter being unacknowledged was not subject to recordation, and, therefore, did not meet the requirements of Section 269 for an express trust.
As heretofore stated, if the trust agreement ever became effective as to the Meri-gold property, (the homestead) it was only after it was recorded, which was after the marriage of the parties. The attempted conveyance, if attempted to be made, then would be void without the signature of the wife.
Since the deed did not include this property and since the trust did not become effective until after the property was homestead property, the case is affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, IN-ZER and ROBERTSON, JJ„ concur.