NORTON, Appellant, vs. CLARK and another, Respondents.

*February 22—March 12, 1912.*

*Gifts* inter vivos: *Fraud: Undue influence: Mental capacity: Executors: Action by heir on behalf of estate.*

1. During the last year of his life a testator, by whose will his estate of about $112,000 was divided equally between his wife and daughter, had given to the divorced husband of the daughter about $18,000. Evidence showing, among other things, that after the divorce the donee and his son had continued to live with the testator and his wife, who regarded and treated him as a son and were especially fond of the grandchild, and that after the death of the grandchild the donee made frequent visits to the testator and his wife and, shortly before testator's death and at his urgent request, accompanied them to California and remained with them until testator died, is *held* to sustain findings of the trial court to the effect that the gifts

were made in consideration of services rendered, gratitude, and affection, and that they were made voluntarily and without any undue influence or fraud on the part of the donee, and at a time when the testator fully understood what he was doing.

[2. Whether in such case, there being an executor appointed and acting in Illinois, the testator's daughter could, without any right of action having been transferred to her in the course of administration, maintain an action, on the ground of fraud, undue influence, and mental incapacity of the testator, to recover for the estate the moneys so given by the testator in his lifetime and to establish a lien therefor on real estate in Wisconsin alleged to have been purchased by the donee with such moneys, is not determined.]

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This is an action by the daughter and one of the heirs of James M. Tenley, deceased, to recover, for the estate, moneys alleged to have been obtained from the deceased by the defendant *George H. Clark* through fraud and undue influence, coupled with a lack of mental capacity on the part of Tenley to dispose of his property, and to declare the judgment recovered a lien on the real estate of the said defendant situated in this state, alleged to have been purchased with the money received from Tenley. The deceased was a resident of Illinois, and his estate is being probated in Fulton county of that state. Plaintiff is a resident of Chicago, and alleges that the executor of the estate refuses to bring any action whatsoever against the defendants; that she and her mother are the only heirs at law and legatees of the deceased; that her mother refuses to join as plaintiff; and that no debts exist against the estate.

The trial court found that no fraud or undue influence was used by the defendant *George H. Clark,* and that the deceased was mentally competent to dispose of his property at the time the gifts, or compensation for services, were made to *Clark.* From a judgment dismissing the complaint on the merits the plaintiff appealed.

Norton v. Clark, 149 Wis. 4.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich & Avery,* attorneys, and *Charles J. Trainor,* of counsel, and oral argument by *O. A. Oestreich.*

For the respondents there was a brief by *George G. Sutherland,* attorney, and *Charles E. Pierce,* of counsel, and oral argument by *Mr. Pierce.*

Vinje, J.    The defendants claim that plaintiff, being an heir, and there being an executor appointed and acting in Illinois, cannot maintain the action without proof that a right of action has been transferred to her in the course of administration, and, there being no evidence of such transfer, the action should be dismissed.    Several other questions also arise as to the right of plaintiff to maintain the action, namely: Can an action to recover personal property, belonging to an estate, in any event be brought by an heir?    Can a foreign heir come into the courts of this state to maintain such action, without ancillary administration or the filing of letters testamentary of the executor?    We have deemed it best, however, not to decide these questions in this case, but to assume that plaintiff can maintain the action, and dispose of it upon the merits.    A valuable note bearing upon the right of next of kin to maintain an action in the interest of the estate may be found in 22 L. R. A. n. s. 454.

In 1886 the plaintiff married the defendant *George H. Clark,* and the issue of the marriage was one son, born in 1889, who died in 1895.    *Clark* and his wife resided with Mr. and Mrs. Tenley, the plaintiff's parents, from the time of their marriage until 1893, when *Mrs. Clark* left her husband and went to Chicago to live.    In 1902 she obtained a divorce from him and later married one Norton.    *Clark* and his son continued to live with the Tenleys, and it appears that both Mr. and Mrs. Tenley considered *Clark* a son and treated him as such, and were especially fond of their grandson.    After the latter died, *Clark,* whose business was that of a traveling

salesman, and who was without much means, continued to make frequent visits to the Tenleys. In 1903 Mr. Tenley suffered a stroke of paralysis, and from that time on till his death in December, 1907, he needed more or less constant care and attention. Late in the fall of 1907 the Tenleys went to California, and *Clark,* upon the urgent request of Mr. Tenley, accompanied them, and remained with them till Mr. Tenley died. He left surviving him his only child, the plaintiff, and his wife, and by will gave one half of his property to each, his estate amounting to about $112,000. Mrs. Tenley also had a considerable separate estate. During the last year of his life, at various times, he gave to *Clark* money and property aggregating approximately $18,000, $6,000 of which represented previous loans made to *Clark* by him.

The trial court found that these gifts were made in consideration of services rendered, gratitude, and affection, and that they were made voluntarily and without any undue influence or fraud on the part of *Clark,* and at a time when Tenley fully understood what he was doing; that in making the gifts he was only carrying out a well-considered and oft-repeated intention to make substantial pecuniary provision for *Clark.* The testimony printed covers nearly 200 pages, and it would serve no useful purpose to give even a synopsis of it. The court has carefully considered the evidence and is persuaded that it sustains the findings made. There is nothing unnatural, suspicious, or unreasonable about the acts of Tenley in giving this money to *Clark* under the circumstances. He regarded him as a son and had been treated as such by him. He had only his daughter and wife dependent upon him, and the latter had considerable property of her own. His property amounted to about $130,000. Of this he gave $18,000 to *Clark,* who had been a son to him from 1886 to the time of his death, and the balance in equal shares to his wife and daughter; certainly a very fitting disposition of it. Cases like *Davis v. Dean,* 66 Wis. 100, 26 N. W. 737; *Cooper v.*

*Reilly,* 90 Wis. 427, 63 N. W. 885; *Cole v. Getzinger,* 96. Wis. 559, 71 N. W. 75; *Doyle v. Welch,* 100 Wis. 24, 75 N. W. 400; *Vance v. Davis,* 118 Wis. 548, 95 N. W. 939; *Boyle v. Robinson,* 129 Wis. 567, 109 N. W. 623; *Quinn v. Quinn,* 130 Wis. 548, 110 N. W. 488; and *Schumacher v. Draeger,.* 137 Wis. 618, 119 N. W. 305, cited by the plaintiff, do not. apply to the present case. In each of those cases the donor parted with the bulk or the whole of his property to a donee who did not stand as near to him as, or at least no nearer than,. others who were excluded from his bounty. Hence the transaction itself bore more or less upon its face the evidence of undue influence or mental unsoundness, or both, and invited the closest scrutiny. Not so here. Under all the circumstances. shown by the evidence, Tenley made a rational and paternal disposition of his property—just such a disposition as a man of sound business sense in whom the instinct of love, affection,. and justice was active, would make.

*By the Court.*—Judgment affirmed.